NOTICE
Decision filed 11/08/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 160511-U

NO. 5-16-0511

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 13-CF-109 |
| | ) | |
| CLIFTON L. BARDO, | ) | Honorable |
| | ) | Richard A. Brown, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Overstreet and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the trial court did not, in response to the defendant's *pro se* posttrial assertion of ineffective assistance of counsel, conduct an inquiry into such allegations pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, we remand with directions for the circuit court to conduct further proceedings.

¶ 2    At a jury trial in October 2013, the defendant, Clifton L. Bardo, was convicted of two counts of unlawful delivery of a controlled substance within 1000 feet of a place of worship. The defendant was sentenced to 24 years' imprisonment followed by 3 years of mandatory supervised release (MSR) as to count I and 24 years' imprisonment followed by 3 years of MSR as to count II, with the sentences to run concurrently. After the

1

defendant's initial appeal to this court, his enhanced convictions were reduced, and his case was remanded for resentencing. See *People v. Bardo*, 2016 IL App (5th) 140031-U, ¶¶ 1, 36. On remand, the defendant was sentenced to 18 years' imprisonment followed by 2 years of MSR as to count I and 5 years' imprisonment followed by 1 year of MSR on count II, with the sentences to run concurrently. On appeal, the defendant argues (1) that the trial court erred by failing to conduct an inquiry into whether his allegations concerning his defense counsel's ineffectiveness with respect to his resentencing required the appointment of new counsel, (2) that the court committed plain error by considering an improper factor in aggravation, and (3) that the trial court erred in failing to consider mitigating factors relevant to his sentence. For the reasons that follow, we remand with directions.

¶ 3       The defendant raises multiple issues on appeal that concern his convictions and sentences. Because we find the first issue meritorious and dispositive, we need not address the issues concerning the aggravating and mitigating factors considered by the trial court in sentencing the defendant.

¶ 4                                I. BACKGROUND

¶ 5                         A. The Defendant's Trial and First Appeal

¶ 6       The defendant's charges stem from a 2012 investigation involving two separate controlled drug buys. In June 2013, the State charged the defendant by information with one count of unlawful delivery of 1 to 15 grams of a controlled substance within 1000 feet of a place of worship in violation of section 407(b)(1) of the Criminal Code of 2012 (Code) (720 ILCS 570/407(b)(1) (West 2012)) (count I). Thereafter, the State filed an amended information charging the defendant with an additional count of unlawful delivery of less

2

than one gram of a controlled substance within 1000 feet of a place of worship in violation of section 407(b)(2) of the Code (*id.* § 407(b)(2)) (count II).

¶ 7     In October 2013, the defendant's two-day jury trial commenced. The State presented testimony from several police officers explaining how they facilitated the two transactions in which the defendant sold cocaine to a confidential informant; both encounters took place less than 1000 feet from an alleged church. The State then played for the jury video recordings of the two transactions in conjunction with testimony from the confidential informant about what the videos depicted. The confidential informant also testified about her personal relationship with the defendant and the amount of money she received for her work as an informant.

¶ 8     After the State rested its case, defense counsel filed a motion for directed verdict, arguing that the State failed to prove that the alleged church was being used as a place of worship on the dates of the offenses, which was denied. The defendant did not testify or present any evidence in his defense.

¶ 9     The jury found the defendant guilty on both counts. The defendant subsequently filed a motion for judgment notwithstanding the verdict, or, alternatively, for a new trial, which the trial court denied. The court sentenced the defendant to 24 years' imprisonment followed by 3 years of MSR as to count I and 24 years' imprisonment followed by 3 years of MSR as to count II, with the sentences to run concurrently.

¶ 10    On direct appeal, the defendant argued, *inter alia*, that the State failed to prove that his offenses were committed within 1000 feet of place of worship because it offered no evidence showing the alleged church was being used as a place of worship on the dates of

3

the offenses. *Bardo*, 2016 IL App (5th) 140031-U, ¶ 28. This court agreed, holding that the State failed to prove, beyond a reasonable doubt, that the building in question operated as a church on the dates of the defendant's offenses. *Id*. ¶¶ 28-36. Accordingly, his enhanced convictions were reduced to two counts of unlawful delivery of a controlled substance, and the case was remanded for resentencing. *Id*. ¶¶ 1, 37.

¶ 11                                    B. Remand

¶ 12    During the defendant's resentencing hearing on August 31, 2016, the State and defense counsel moved to amend the presentence investigation (PSI) report that was submitted to the trial court during his first sentencing hearing. First, the State requested that any references to the defendant's offenses being committed within 1000 feet of a place of worship be deleted. Second, defense counsel requested that the initial PSI be corrected to reflect that count II was a charge of unlawful delivery of less than one gram of a controlled substance, rather than a charge of unlawful delivery of 1 to 15 grams of a controlled substance. Third, where the initial PSI reflected that the defendant never worked at Jackson Pools and Spas, LLC, he requested that it be amended to show that he did work there and supported his request with pay stubs evidencing such employment.

¶ 13    The State then certified to the trial court a copy of the defendant's 2004 Class 1 felony conviction, noting that the conviction made him eligible for an extended-term sentence on count I.

¶ 14    The defendant testified about his employment, the child support payments he paid prior to his incarceration, and the change in attitude he experienced while he was incarcerated. He testified that he took multiple classes while incarcerated and was enrolled

4

in a drug counseling program at the time of the hearing. Defense counsel then read 13 letters into evidence from the defendant's family members and friends, all attesting to his good character. During his statement in allocution, the defendant expressed remorse for his actions and said that he would never touch drugs again.

¶ 15    At the conclusion of the hearing, the trial court found that a lengthy sentence was necessary to deter others from committing the same crimes and that the defendant had a long history of prior criminal activity. It found no relevant or applicable factors in mitigation. The court explicitly stated that it considered the nature and circumstances of the defendant's offenses; his history, character, and propensities; as well as his chances for reform and the goal of restoring him to useful citizenship. However, the court concluded:

> "Clifton, *** we can't allow you out in the community because you sell these drugs to your citizens of the other communities who become addicted, and we have to deal with it. We have to deal with the—with the overdoses when we're told. I walked out of the courthouse a few weeks ago with a lady and the next day I got to court and found out that she had overdosed on drugs the night after we had left the courthouse. This is what we deal with day after day here in the Randolph County Courthouse. And we've got to do everything we can to get the people that sell these illegal substances that are so addictive and harmful away from the community so our communities can be safe and that people don't become addicted to these drugs and all of the social consequences of their addiction. Now, it's just as simple as that.
>
> Your problem, Mr. Bardo, is that you got a terrible prior record. We tried to reform you in the Department of Corrections on four occasions, but even—we tried to reform you from selling drugs before, but we can't get through to you. At least today as you appear in here, you say, well, Judge, this time you've gotten through to me and I'm not going to do this anymore. I can only hope that that is correct. ***"

¶ 16    The trial court then sentenced the defendant to an extended-term sentence of 18 years' imprisonment followed by 2 years of MSR on count I, a Class 1 felony, and 5 years'

5

imprisonment followed by 1 year of MSR on count II, a Class 3 felony, with the sentences to run concurrently.

¶ 17    On September 19, 2016, defense counsel filed a motion to reconsider sentence on the defendant's behalf.  Defense counsel argued that, *inter alia*, the trial court should reconsider the length of the sentence imposed as to each count because the court failed to adequately consider the defendant's rehabilitative potential, factors in mitigation, and evidence he presented in the form of letters attesting to the work he completed for others within his community prior to being incarcerated.

¶ 18    On September 30, 2016, the defendant filed a *pro se* motion to reconsider sentence. The defendant alleged that he attempted to speak with defense counsel about a certain statute pertaining to his resentencing and counsel declined to review it, saying he did not have enough time.  The defendant also attached three letters that he wrote to defense counsel, one of which mentioned how defense counsel failed to set up a phone call with the defendant after saying he would.

¶ 19    At a hearing on November 15, 2016, the trial court dismissed all relevant motions regarding the defendant's sentence.  When the defendant attempted to address the court about the issues he had with defense counsel with respect to his resentencing, the court said he could "take it up with the appellate court."

¶ 20    The defendant filed his notice of appeal on December 5, 2016.

¶ 21                                    II. ANALYSIS

¶ 22    On appeal, the defendant argues his cause should be remanded for further proceedings in accordance with *People v. Krankel*, 102 Ill. 2d 181 (1984), because the trial

6

court did not address his claims of ineffective assistance of counsel. The State concedes error.

¶ 23 The question of whether the trial court adequately inquired into a defendant's claim of ineffective assistance of counsel is a question of law that is reviewed *de novo*. *People v. Jolly*, 2014 IL 117142, ¶ 28; see also *People v. Moore*, 207 Ill. 2d 68, 75 (2003). Where defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the court should examine the factual basis of the claim, and under certain circumstances, must appoint new counsel to argue the claim. *Moore*, 207 Ill. 2d at 77-78. However, new counsel is not automatically required merely because defendant presents a *pro se* posttrial claim that his counsel was ineffective. *Id*. at 77. If the court finds that defendant's claim lacks merit or only pertains to matters of trial strategy, then the court need not appoint new counsel and may deny defendant's *pro se* motion. *Id*. at 78. If, however, defendant's allegations show possible neglect of the case, the court should appoint new counsel to argue defendant's claim of ineffective assistance. *Id*. The court's inquiry can include any of the following: (1) the court may simply ask trial counsel questions about the facts and circumstances surrounding defendant's allegations, (2) the court can engage in a brief discussion with defendant, or (3) the court can base its evaluation on its personal knowledge of defense counsel's performance at the trial and the insufficiency of defendant's allegations on their face. *Id*. at 78-79.

¶ 24 With regard to triggering this process, the Illinois Supreme Court has examined the question of how much detail a *pro se* defendant must provide to warrant a *Krankel* inquiry. *People v. Ayres*, 2017 IL 120071, ¶¶ 9-18. The *Ayres* court concluded that "when a

7

defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Id.* ¶ 18. The *Ayres* court noted that, for a reviewing court, the operative concern is whether the trial judge conducted an inquiry that was adequate. *Id.* ¶ 13. The goal of the inquiry "is to facilitate the trial court's full consideration of a defendant's *pro se* claim and thereby potentially limit issues on appeal." *Id.* A proper inquiry will create the record necessary to adjudicate any claims raised on appeal. *Id.* Likewise, the failure to conduct a proper inquiry precludes appellate review. *Id.* The court reiterated that the purpose of the inquiry by the trial judge "is to ascertain the underlying factual basis for the ineffective assistance claim and to afford a defendant an opportunity to explain and support his claim." *Id.* ¶ 24.

¶ 25    In the present case, the record indicates that the trial court refused to make any inquiry into the defendant's *pro se* claims that his counsel was ineffective with respect to his resentencing. Instead, the court merely instructed the defendant to "take it up with the appellate court." Under these circumstances, we conclude that the court erred by failing to conduct the necessary preliminary inquiry into the defendant's *pro se* posttrial claims of ineffective assistance of counsel. Where there is no inquiry, and there is no indication that the court gave adequate consideration to the defendant's *pro se* allegations, the only appropriate action for the reviewing court is to remand the matter so that the court can conduct a proper inquiry. See *Moore*, 207 Ill. 2d at 79. We want to emphasize that we are not remanding for a full evidentiary hearing and the appointment of counsel on the defendant's claims. See *id.* at 81. Instead, we are only remanding for the limited purpose of allowing the court to conduct the required preliminary inquiry. See *id.* "If the court

determines that the claim of ineffectiveness is spurious or pertains only to trial strategy, the court may then deny the motion and leave standing defendant's convictions and sentences. If the trial court denies the motion, defendant may still appeal his assertion of ineffective assistance of counsel along with his other assignments of error." *Id*. at 81-82.

¶ 26 Because this case must be remanded to allow the trial court to conduct proper *Krankel* proceedings, we decline to address the defendant's other allegations of error. See *Ayres*, 2017 IL 120071, ¶ 13 ("[T]he goal of any *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claim and thereby potentially limit issues on appeal."). Depending upon the results of the trial court's proceedings on remand in this case, the defendant's other claims of error may become moot. We direct appellate counsel to provide copies of their briefs to the trial attorneys and trial judge on remand. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37.

¶ 27                                     III. CONCLUSION

¶ 28 For the foregoing reasons, we remand the cause to the circuit court of Randolph County with directions that the trial judge conduct a proper inquiry into the defendant's *pro se* posttrial claims of ineffective assistance of counsel.

¶ 29 Remanded with directions.