NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170912-U

NO. 4-17-0912

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 22, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| EMMETT PAIGE, | ) | No. 16CF198 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

___

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: By its discussion with defendant, the circuit court made an adequate inquiry into his *pro se* posttrial allegation that trial counsel had rendered ineffective assistance.

¶ 2    After he was sentenced, defendant, Emmett Paige, complained to the Livingston County circuit court that his trial counsel had rendered ineffective assistance. The court questioned defendant about the claim and gave him an opportunity to flesh it out. Defendant just offered vague conclusions about trial strategy and preparation. The court declined to appoint substitute counsel but said it was open to hearing more after defendant consulted a list of criticisms that he had neglected to bring with him. Defendant appeals, arguing that the court's inquiry was not thorough enough. We disagree. We find an adequate preliminary inquiry in compliance with *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny. Therefore, we affirm the judgment.

¶ 3                              I. BACKGROUND

¶ 4        On September 13, 2017, a jury found defendant guilty of aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2016)).

¶ 5        On October 31, 2017, the circuit court entered a judgment of conviction on the jury's verdict and sentenced defendant to imprisonment for 12 years.

¶ 6        After the circuit court announced the sentence, defendant told the court: "I believe I have ineffective assistance of counsel[,] so I need you to appoint me counsel for that." The court asked defendant if he was "upset *** with regards to" his privately retained counsel, Aaron Galloway. Defendant answered:

"I wouldn't use the word [']upset.['] I think he was ineffective on certain strategies and certain things that we didn't do."

THE COURT: At the trial?

THE DEFENDANT: At the trial.

THE COURT: Okay. Aside from that, any other complaints?

THE DEFENDANT: I mean, I've got a list. I didn't bring it with me.

THE COURT: Well, so the biggest concern you have is with regards to trial strategy and some things that were done during trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. All right. That does not rise to the level of ineffective assistance of counsel at this stage of the proceedings. I haven't even heard from Mr. Galloway. But typically trial strategy is left up to the attorney. He can consult with you about that, but ultimately it's the attorney's decision with regards to trial strategy.

* * *

*** So[,] the issues that you have, [defendant], do they also center around trial strategy and things that happened during the trial?

THE DEFENDANT: That and the time that we prepared.

THE COURT: The time that you prepared for the trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: With Mr. Galloway?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. So[,] those issues you can bring up at a later time but would not preclude Mr. Galloway from filing a post-trial motion on the jury verdicts and a motion to reconsider your sentence. I don't think those rise to the level of ineffective assistance of counsel at this point where I would have to appoint new counsel. Does that make sense?

THE DEFENDANT: I understand."

(The prosecutor told the circuit court that the State would waive the 30-day deadline for filing a posttrial motion and that the State would have no objection to the filing of a late motion for a new trial.)

¶ 7                                    II. ANALYSIS

¶ 8        If a defendant makes a *pro se* posttrial claim that his defense counsel rendered ineffective assistance, the circuit court must "conduct some type of inquiry into the underlying factual basis, if any, of [the] defendant's *** claim." *People v. Moore*, 207 Ill. 2d 68, 79 (2003). The court must give the defendant "the opportunity to specify and support his complaints." *Id.* at 80. If, when given such an opportunity, the defendant can make only conclusory assertions,

without supporting facts, the fault is not necessarily with the inquiry. See *People v. Munson*, 171 Ill. 2d 158, 201 (1996).

¶ 9 To be sure, a conclusory assertion of ineffective assistance is enough to trigger a *Krankel* inquiry. *People v. Ayres*, 2017 IL 120071, ¶ 21. But if, in the *Krankel* inquiry itself, when given the opportunity to flesh out his claim, the defendant utters only more conclusions, the circuit court then may extinguish the claim as conclusory. *People v. Jackson*, 2020 IL 124112, ¶ 105; see *People v. Towns*, 174 Ill. 2d 453, 466-67 (1996). Granted, case law says that "some interchange between the trial court and defendant's trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and *usually* necessary in assessing what further action, if any, is warranted on the defendant's claim." (Emphasis added.) *Jackson*, 2020 IL 124112, ¶ 110. But if defendant's elaboration of his claim merely multiplies conclusions, there is nothing to which trial counsel could respond.

¶ 10 Instead of ignoring defendant's complaint against Galloway, the circuit court questioned defendant and encouraged him to elaborate on the complaint. Defendant replied that he was discontented with Galloway's trial strategy: defendant referred, vaguely, to "certain things that [they] didn't do [in the trial]." To justify the appointment of new counsel, however, the court needed something other than defendant's second-guessing of trial strategy. See *Moore*, 207 Ill. 2d at 78. So, the court asked defendant if he had any other complaints about Galloway's performance. Defendant answered that he had a list, which he had not brought with him, but that he also was dissatisfied with "the time that [they] prepared."

¶ 11 Defendant's dissatisfaction with the amount of time that he and Galloway spent in preparing for the trial is not enough to indicate "possible neglect of the case." *Id.* at 78. What matters is Galloway's performance in the trial. Regardless of whether Galloway spent few hours

or many hours in preparing for the trial, his performance in the trial was either professionally reasonable or professionally substandard. To give substance to his conclusory allegation of ineffective assistance, defendant had to specify something that Galloway did or did not do for the defense. When given the opportunity, defendant apparently was unable to specify any error of commission or omission by Galloway.

¶ 12　　　　But that could be because defendant forgot his list, he argues, and the circuit court should have recessed the *Krankel* hearing so that defendant could bring his list. In a way, though, the court did recess the *Krankel* hearing. The court left the door open. The court told defendant he was free to bring up the issues of ineffective assistance later but that what the court had heard from him thus far did not sound like ineffective assistance.

¶ 13　　　　Thus, the court conducted an inquiry in the form of "[a] brief discussion between the trial court and the defendant." *Id.* at 78. Just because the inquiry failed to yield any factual substance, we are unconvinced that the inquiry was inadequate. We conclude, *de novo*, that *Krankel* is satisfied. See *In re T.R.*, 2019 IL App (4th) 190051, ¶ 23.

¶ 14　　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　　For the foregoing reasons, we affirm the circuit court's judgment.

¶ 16　　　　Affirmed.