**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170743-U

Order filed June 3, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0743 Circuit No. 17-CF-920 |
| ALBERT W. COBBINS, | ) ) ) | Honorable Edward A. Burmila Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Lytton and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The circuit court failed to conduct an adequate inquiry into defendant's *pro se* claims of ineffective assistance of counsel.

¶ 2    Defendant, Albert W. Cobbins, appeals from his conviction for unlawful possession of cannabis with intent to deliver. Defendant argues the Will County circuit court failed to conduct an adequate inquiry into his posttrial claims of ineffective assistance of counsel. We remand with directions.

¶ 3                                 I. BACKGROUND

¶ 4        The State charged defendant with two counts of domestic battery (720 ILCS 5/12-3.2

(West 2016)), and one count of unlawful possession of cannabis with intent to deliver (720 ILCS

550/5(c) (West 2016)). The court appointed counsel to represent defendant, and the case

proceeded to a jury trial. The jury found defendant guilty of the unlawful possession of cannabis

with intent to deliver charge and not guilty of both domestic battery charges. Defendant filed a

*pro se* posttrial motion that argued counsel provided ineffective assistance. In the motion,

defendant alleged that counsel failed to obtain the police officer's body camera video that was

recorded at the time of his arrest. Defendant also contended that

          "Counsel failure to rebuttal and point out minor inconsistencies of both fact

          witnesses. When defendant let him know that both witnesses was lying in there

          testimonies. TWO FACT WITNESSES WAS 'NOT CREDIBLE'. ***

                    ***

                    *** Suppression by the (attorney) of the evidence favorable to also

          requested by defendant Violates his Due Process.

                    *** The defendant attorney feels a new trail should be granted due to his

          unprofessional errors and incompetence." (Emphases omitted.)

¶ 5        At the hearing on defendant's motion, defense counsel declined to adopt defendant's

motion for a new trial. In response to defendant's complaints of counsel's representation, the

court initially explained to defendant that

                    "[N]o one is entitled to what the law calls bifurcated representation. What

          that means is that you do some of the case and the lawyer does some of the case.

                                        * * *

*** Now, if you want to go ahead with this motion and argue it on your own, you can, but then you would have to represent yourself. Okay.

THE DEFENDANT: I wouldn't be able to get a different Public Defender?

THE COURT: The—the assignment of the Public Defender is up to [the supervisor of the public defender's office.] *** But I'll tell you one thing, if the only issue you have is I want him to do this, and he won't do it—

THE DEFENDANT: No.

THE COURT:—that's not going to fly.

THE DEFENDANT: I didn't want him to do that. It was things that I have been asking him to get, like to subpoena the body camera off the police officer."

The court asked counsel if he looked into the body camera video. Counsel said a member of the police department informed him that their officers did not have body cameras. The court concluded that this claim did not have merit. The court did not address defendant's remaining claims of ineffective assistance of counsel. Instead, the court told defendant that he cannot force counsel to argue his *pro se* motion, and therefore, he could choose between arguing the motion himself and discharging counsel or possibly talking to a supervisor at the public defender's office. Defendant initially stated that he wanted to represent himself, but when the court suggested that defendant's decision might cause problems with his appeal, defendant decided not to discharge counsel.

¶ 6        A few days after defendant criticized counsel's performance, the docket entry for August 31, 2017, states that defendant withdrew his motion for a new trial. After this date, counsel filed

his own motion for a new trial. The court denied the motion and sentenced defendant to 182 days in jail, to be followed by 30 months of probation.

¶ 7                                                    II. ANALYSIS

¶ 8        On appeal, defendant argues that the circuit court failed to make an adequate inquiry into his claims of ineffective assistance of counsel as required by *People v. Krankel*, 102 Ill. 2d 181 (1984). We find that the court's preliminary *Krankel* inquiry was inadequate as it did not review two of defendant's claims.

¶ 9        A defendant's *pro se* posttrial claim of ineffective assistance of counsel is governed by the common-law procedure developed by our supreme court in *Krankel*. Following a defendant's complaint about counsel's performance, the court must make a preliminary inquiry into the factual bases for the claim. *People v. Ayres*, 2017 IL 120071, ¶ 11. The court may rely on its knowledge of counsel's performance at trial and ask questions of counsel and defendant. *Id.* ¶ 12. This procedure "serves the narrow purpose of allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective assistance claims." *People v. Patrick*, 2011 IL 111666, ¶ 39. It also facilitates the court's full consideration of defendant's *pro se* claims and potentially limits issues on appeal. *Ayres*, 2017 IL 120071, ¶ 13. If the court determines that a defendant's claim lacks merit or pertains to matters of trial strategy, then it need not appoint new counsel and may deny the motion. *Id.* ¶ 11. If the allegations show possible neglect, the court should appoint new counsel to represent defendant at the hearing on his claim of ineffective assistance. *Id.* We review, *de novo*, the issue of whether the circuit court conducted an adequate inquiry into defendant's claims of ineffective assistance of counsel. *People v. Taylor*, 237 Ill. 2d 68, 75 (2010).

¶ 10     In the present case, it is clear from the record that the court only considered defendant's claim that counsel did not procure the body camera video. The court otherwise ignored defendant's two other claims that counsel conducted an inadequate examination of the State's witnesses or failed to rebut their testimony and did not introduce evidence that favored the defense. While these claims were not as clearly expressed as the body camera claim, they still were subject to the preliminary *Krankel* inquiry requirement. See *Ayres*, 2017 IL 120071, ¶ 11 (the law requires that the court conduct " '*some type of inquiry*' " into the factual basis of defendant's claims. (Emphasis added.) (quoting *People v. Moore*, 207 Ill. 2d 68, 79 (2003))). As our supreme court recently observed, "even in preliminary *Krankel* inquiries, a trial court must be able to consider the merits *in their entirety*." (Emphasis in original.) *People v. Roddis*, 2020 IL 124352, ¶ 61. Therefore, the court erred when it conducted no inquiry into two of defendant's claims.

¶ 11     In reaching the above conclusion, we reject the State's contention that defendant abandoned his ineffective assistance of counsel claims. The State supports this argument by pointing to defendant's withdrawal of his *pro se* motion and failure to reassert his claims. Contrary to the State's position, a defendant need only bring the complaints to the court's attention, as he did in the *pro se* motion. He is not required to continue to assert claims of ineffective assistance of counsel. *Ayres*, 2017 IL 120071, ¶ 11.

¶ 12     Finally, we take no position on the validity of defendant's claims. We note that the appellate court cannot infer that a defendant's claims lacked merit simply because they were not addressed by the court or later by counsel, as the State suggests. During the preliminary *Krankel* inquiry, it was in the hands of the circuit court to consider the merits of defendant's claims in

their entirety. See *Roddis*, 2020 IL 124352, ¶ 61. The court failed to consider all of defendant's claims, and therefore the inquiry was insufficient.

¶ 13 Accordingly, we remand the cause with directions for the court to conduct a preliminary inquiry into defendant's claims that counsel failed to conduct an adequate examination of the State's witnesses and present evidence beneficial to the defense.

¶ 14                                    III. CONCLUSION

¶ 15 The judgment of the circuit court of Will County is remanded with directions.

¶ 16 Remanded with directions.