2020 IL App (2d) 180243-U
No. 2-18-0243
Order filed September 17, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-157 |
| CRAIG D. RICE, | ) ) ) | Honorable Mark L. Levitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Birkett and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: In conducting a hearing under *Krankel*, to address defendant's claim of ineffectiveness of conflict counsel appointed to represent defendant on his motion to withdraw his guilty plea alleging *trial* counsel's ineffectiveness, the trial court improperly exceeded the scope of the *Krankel* inquiry by deciding, without conflict counsel's participation, the merits of the motion to withdraw the plea.

¶ 2    Defendant, Craig D. Rice, pled guilty to domestic battery (contact of an insulting or provoking nature) (720 ILCS 5/12-3.2 (a)(2) (West 2018)) enhanced to a felony due to prior convictions, but he later sought to withdraw his plea. In this appeal, he contends that he was completely deprived of counsel, and thus we should presume he suffered prejudice, when the trial

court held a hearing on his motion to withdraw his plea without his counsel's participation. We agree. We hold that, although counsel was appointed for defendant on his motion to withdraw his plea, the subsequent proceedings deprived counsel of her role in representing defendant. We therefore vacate the denial of the motion and remand the matter for proper proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was indicted on two counts of domestic battery (bodily harm, contact of an insulting or provoking nature) (720 ILCS 5/12-3.2(a)(1), (a)(2) (West 2018)). The State charged both counts as felonies on the basis that defendant had three prior domestic battery convictions. Both counts alleged that, on January 16, 2017, defendant struck J.B. "about the body." A further indictment alleged that defendant was eligible for Class X sentencing on count 1 of the indictment because of his prior convictions.

¶ 5      On February 23, 2017, the State filed a motion *in limine* to deem forfeited, based on defendant's actions to dissuade J.B. from testifying at trial, any objection by defendant to the admission of J.B.'s hearsay statements. See Ill. R. Evid. 804(b)(5) (eff. Jan. 1, 2011). The court granted the motion after an evidentiary hearing at which the State introduced several recordings of defendant's calls from jail to J.B.

¶ 6      On April 10, 2017, defendant waived his right to a jury trial, and, on April 11, 2017, defendant entered a negotiated plea of guilty to count II of the indictment, which alleged that he had made insulting or provoking contact with J.B. He received a sentence of four years' imprisonment.

¶ 7      On May 8, 2017, defendant filed a *pro se* motion to withdraw his guilty plea, contending, among other things, that defense counsel had been ineffective for mishandling the hearing on the State's motion to deem forfeited any hearsay objections to J.B.'s testimony. The gist of the

contention was that counsel had been insufficiently aggressive at the hearing on the State's motion and had told defendant that, if he insisted on counsel making objections, he would have to represent himself. The court appointed conflict counsel to represent defendant. On December 14, 2017, conflict counsel filed an amended motion to withdraw the plea. In general, that motion echoed the *pro se* motion. Conflict counsel also filed a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). On January 8, 2018, defendant filed what purported to be a *pro se* amended motion to withdraw his plea.

¶ 8    Defendant appeared before the court on March 28, 2018, for a hearing on the motion to withdraw the plea. However, conflict counsel told the court that defendant was asserting that *she* was ineffective and that he wanted a hearing under the rule in *People v. Krankel*, 102 Ill. 2d 181 (1984). The court asked defendant whether his January 8, 2018, filing reflected everything that he thought should be in the motion to withdraw his plea. It told defendant that it wanted him to explain what he thought *trial* counsel had done wrong. Conflict counsel objected that defendant should not be in the position of arguing on his own behalf. The court responded, "He's not going to argue. He's alleged that you're ineffective as well, so I have to have a discussion with [him] to ascertain all the claims of ineffectiveness that he's making against you and against [trial] counsel."

¶ 9    Conflict counsel asked the court if that meant that the court was holding the *Krankel* hearing, and the court said that it was. The court admonished defendant that, by requesting a hearing on ineffectiveness, he was waiving the privileged character of his communications with both trial and conflict counsel. It explained to defendant, "Now *** we're not at the motion to withdraw your plea of guilty yet. We're at the part where *** it's been represented to me that you're going to tell me that the lawyers that were appointed to represent you were ineffective." The court asked defendant what he wanted to say. Defendant responded with a narrative of why

he had not wanted to plead guilty and of his interactions with trial counsel. The court interrupted occasionally to question defendant and to suggest what might have motivated trial counsel or the State to act as they did.

¶ 10    At the end of the dialogue, the court ruled that trial counsel had acted reasonably:

"All right. [Defendant,] there's nothing in your motion to support an allegation that your attorney was in any way ineffective.

I went back through all of the transcripts of these proceedings. I recall the hearings that we had very well, very extensive. [Trial counsel] happens to be one of the more aggressive defense attorneys that practice before me, and my recollection is, and is borne out by the record, is, that he vigorously represented you and vigorously attacked all of the State's evidence that was being introduced during the course of the State's motion in limine.

My recollection is that after I ruled, we were continuing to have further hearings on further motions when you, unknown to me and your attorney, apparently engaged in negotiations with the prosecution which resulted in a plea, which I took.

And now we have, based on my finding at this point, that you have not sufficiently laid any foundation for an allegation that you had any type of ineffective assistance of counsel.

I will allow you to be heard, the motion to withdraw your plea of guilty, I guess, saying that it was, whatever allegations you've made, allow them to be advanced by your attorney, [conflict counsel]."

¶ 11    Conflict counsel expressed uncertainty as to what had just happened, and the following exchange ensued:

"[CONFLICT COUNSEL]: *** [W]hen I came, Your Honor, it was based on a Krankel [claim] of me from communications from [defendant] that he said I did not include certain elements in my motion to withdraw his guilty plea.

THE COURT: But he's now advanced them all here.

[CONFLICT COUNSEL]: Yes, he has.

THE COURT: *** I've reviewed the transcripts of the proceedings. I've gone through all the transcripts.

[Defendant] was fully and fairly admonished. The negotiation that resulted was not due to any involvement of the Court at all. It was apparently the result of negotiations between the parties, during proceeding [*sic*] and immediately preceding trial.

*** [I]t's true that people have a lot of reasons to plead guilty, and as long as they knowingly and voluntarily plead guilty and there's a factual basis for it, I will tend to accept it provided that the rules are complied with. And my finding here is that they were copiously [*sic*] followed both by me and by the attorneys that represented you.

There is no basis to allow you to withdraw your plea of guilty. I've reviewed the certificate filed by your attorney. I've reviewed all the pleadings. I've listened carefully to all of the arguments that were presented here today, so your motion to withdraw your plea is respectfully denied.

THE DEFENDANT: What does that mean?

THE COURT: That means your motion is denied. You can appeal it.

[CONFLICT COUNSEL]: Both motions, Your Honor?

THE COURT: Yes."

¶ 12    Defendant personally asked that a notice of appeal be filed. The clerk filed one on his behalf.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant contends that we should vacate the denial of his motion to withdraw the plea because he was deprived of the assistance of counsel at the hearing on the motion. He suggests that the proceedings on the motion were so defective that we should reverse without requiring that he show prejudice. The State responds (1) that the court did not err in denying defendant's motion, and (2) that defendant did not challenge the *Krankel* proceedings in his opening brief and thus we should not permit him to do so in his reply brief.

¶ 15    We hold that it was error for the trial court to question defendant about trial counsel's effectiveness during what was supposed to be a *Krankel* inquiry into *conflict counsel's* effectiveness. Trial counsel's effectiveness was at issue in defendant's motion to withdraw his guilty plea. Nevertheless, the trial court conducted an extensive inquiry into trial counsel's effectiveness *within* the *Krankel* hearing, when conflict counsel was unable to represent defendant. That was a deprivation of the right to counsel.

¶ 16    Initially, we do not fully agree with the State that defendant has forfeited consideration of the propriety of the *Krankel* inquiry by failing to raise the issue in his opening brief. Defendant contends in his opening brief that the format of the March 28 hearing deprived him of the right to counsel. That contention encompasses a claim that the form and scope of the *Krankel* inquiry were improper. Nevertheless, we agree with the State in that defendant has not argued that the *Krankel* inquiry was inadequate as to defendant's assertion that conflict counsel was ineffective. We restrict our review here to whether the *Krankel* hearing deprived defendant of his right to counsel

on the motion to withdraw his guilty plea. This is a legal question which we review *de novo.* See *People v. Lesley*, 2018 IL 122100, ¶ 30.

¶ 17    Under the sixth amendment, a defendant in a criminal case has the right to effective assistance of trial counsel at all critical stages of the criminal proceedings. *People v. Brown*, 2017 IL 121681, ¶ 25. Proceedings to withdraw a guilty plea are a critical stage. *People v. Young*, 355 Ill. App. 3d 317, 324 (2005). A denial of the assistance of counsel at a critical stage is structural error and not subject to harmless-error review. See *People v. Hernandez*, 231 Ill. 2d 134, 146 (2008) (a defendant need not show prejudice when he is denied the assistance of counsel entirely or during a critical stage).

¶ 18    During a *Krankel* inquiry, a defendant is unrepresented by counsel. *People v. Fields*, 2013 IL App (2d) 120945, ¶ 37. Under *Krankel* and its progeny, when a defendant makes a posttrial (or postplea) allegation that trial counsel was ineffective, the court should conduct a limited inquiry to determine whether the allegations are such that the court must appoint conflict counsel to assist the defendant in presenting his or her claims. *E.g.*, *People v. Ayres*, 2017 IL 120071, ¶ 11. The primary purpose of this inquiry is to allow the defendant "to flesh out his claim of ineffective assistance so the court can determine whether appointment of new counsel is necessary." *Ayres*, 2017 IL 120071, ¶ 20. The trial court may question trial counsel about "the facts and circumstances surrounding the allegedly ineffective representation" and "may also *briefly* discuss the allegations with [the] defendant." (Emphasis added.) *People v. Jolly*, 2014 IL 117142, ¶ 30. In other words, the court may question defendant directly without counsel's participation *as counsel*; counsel is temporarily in a role akin to that of a witness. Thus, for the inquiry's duration, defendant is unrepresented. It follows from defendant's lack of representation during a *Krankel*

inquiry that the court's colloquy with defendant during that inquiry cannot address the substance of matters in which counsel represents the defendant.

¶ 19    Here, conflict counsel represented defendant in his motion to withdraw the plea, the core claim of which was that trial counsel had been ineffective.  The *primary* subject of the court's extended colloquy with defendant during the *Krankel* inquiry was the adequacy of trial counsel's representation.  Moreover, at the end of that colloquy, the court ruled that no basis existed for defendant's claims that trial counsel was ineffective.  That ruling was dispositive as to defendant's motion to withdraw his plea, which was dependent on his claim of ineffective assistance of trial counsel.  The net effect was that defendant was deprived of counsel at the hearing.

¶ 20    The State argues that, because conflict counsel consulted with defendant and prepared a written motion to withdraw the plea, defendant was not *totally* deprived of counsel in the proceedings on the motion to withdraw the plea. We disagree.  The court treated conflict counsel's representation as effectively on hold during the supposed *Krankel* inquiry.  The court questioned defendant about his "motion" and, at the end of the colloquy with defendant, stated that it was denying "both motions"—meaning, evidently, both the oral *Krankel* motion and the motion to withdraw the guilty plea (in the various versions filed *pro se* and by counsel).

¶ 21    We thus conclude that defendant was completely deprived of counsel during his motion to withdraw the plea.  We therefore need not determine whether the error was harmless; we must presume prejudice.

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we vacate the denial of defendant's motion to withdraw his plea and remand the matter for a proper hearing on the motion. The court must resolve any *Krankel* inquiry

into the performance of conflict counsel before it may address the motion to withdraw the plea on the merits.

¶ 24    Judgment vacated; cause remanded with directions.