NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (4th) 190445-U

NO. 4-19-0445

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 14, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| TYREN C. WILSON, | ) | No. 16CF248 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas M. O'Shaughnessy, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court was not required to conduct a preliminary *Krankel* inquiry where new counsel was appointed to represent defendant prior to his *pro se* allegations of ineffective assistance of counsel.

¶ 2    Defendant, Tyren C. Wilson, appeals from the trial court's denial of his fourth *pro se* amended motion to withdraw his plea of guilty to home invasion, a Class X felony (720 ILCS 5/19-6(a)(5) (West 2016)), arguing this court should remand for a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984). We affirm the trial court's judgment.

¶ 3                    I. BACKGROUND

¶ 4                 A. Charges and Guilty Plea

¶ 5        In April 2016, the State charged defendant by information with five criminal offenses, including possession of a firearm without a firearm owner's identification (FOID) card (430 ILCS 65/2(a) (West 2016)), home invasion with a deadly weapon (720 ILCS 5/19-6(a)(1) (West 2016)), home invasion causing great bodily harm (*id.* § 19-6(a)(5)), armed robbery (*id.* § 18-2(a)(2)), and aggravated battery (*id.* § 12-3.05(a)(4)). The trial court appointed the Vermilion County Public Defender's Office to represent defendant.

¶ 6        In April 2018, a grand jury returned four bills of indictment charging defendant with three counts of home invasion (counts VI, VII, and IX) and one count of aggravated battery (count VIII). As relevant to this appeal, count VII alleged that on April 15, 2016, defendant, without authority, knowingly entered the dwelling place of another, located at 1002 Glendale, Apartment 6, in Tilton, Illinois, and remained in such dwelling place until he knew or had reason to know that one or more persons were present and intentionally caused injury to John L. Golden, in violation of section 19-6(a)(2) of the Criminal Code of 2012 (720 ILCS 5/19-6(a)(2) (West 2016)), a Class X felony. Following the indictment, defendant filed a motion to substitute private counsel, Kevin Dixon, which the trial court allowed.

¶ 7        In July 2018, defendant filed a motion to dismiss counts VI, VII, VIII, and IX, arguing defendant was denied his constitutional right to a speedy trial. The court (1) denied the motion as to counts VI, VII, and IX and (2) allowed the motion as to count VIII, concluding it alleged the same offense as count V of the information and was therefore duplicative.

¶ 8        In August 2018, defendant entered into a plea agreement with the State. In exchange for defendant's plea of guilty to an amended count VII, the State agreed to dismiss the remaining charges and cap its sentencing recommendation at 25 years in prison. Defendant signed a form titled "Admonishment of Rights Under Supreme Court Rule 402," which reflected

the terms of the plea agreement. The trial court determined defendant's plea to be knowing and voluntary and set the matter for sentencing. In November 2018, the trial court sentenced defendant to 24 years in prison.

¶ 9                                    B. Postplea Proceedings

¶ 10          On November 7, 2018, defendant *pro se* filed a motion to withdraw his plea of guilty, alleging his statutory right to a speedy trial was violated and his sentence was excessive. On November 9, 2018, defendant mailed a letter to the court requesting that counsel be appointed to represent him, explaining his previous counsel's representation concluded after final judgment. On December 14, 2018, the trial court appointed the Vermilion County Public Defender's Office to represent defendant.

¶ 11          On December 17, 2018, defendant *pro se* filed an amended motion to withdraw his guilty plea, alleging the same claims as the initial motion and adding the following claims: (1) his statutory and constitutional rights were violated by a finding of probable cause at the preliminary hearing held on May 12, 2016; and (2) his plea counsel, Kevin Dixon, was ineffective for (i) promising defendant he would "win an appeal" if he pleaded guilty and (ii) failing to file a motion to dismiss counts VI through IX on the basis they were time barred by federal statutes (18 U.S.C.A. §§ 3161(b), 3162(a)(2) (West 2016)).

¶ 12          On January 3, 2019, the court held a status hearing. At the hearing, the court advised defendant's new appointed attorney to (1) review defendant's *pro se* amended motion to withdraw his guilty plea and vacate the judgment, (2) submit a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and (3) file any amendments to defendant's *pro se* motion. The court additionally noted "one of the allegations in the amended motion is ineffective assistance."

¶ 13          On February 9, 2019, defendant mailed a letter to the trial court stating he received correspondence from Michael Mara of the Vermilion County Public Defender's Office. The correspondence defendant received contained a document titled "Second Amended Motion to Withdraw Plea of Guilty or Reconsider Sentence," which Mara informed defendant he intended to file on defendant's behalf. In his letter to the court, defendant stated he informed Mara he did not wish for him to file the motion because Mara omitted several of defendant's claims and requested that Mara either include the omitted claims in the motion or withdraw as counsel.

¶ 14          On February 19, 2019, defendant *pro se* filed a second amended motion to withdraw his guilty plea, alleging the same claims as the first and amended motions and adding the following claims: (1) his plea counsel was ineffective for causing defendant "mental distress" when he informed defendant there was no possible defense for the indicted charges and (2) he pleaded guilty under duress from plea counsel.

¶ 15          On March 12, 2019, defendant *pro se* filed a third amended motion to withdraw his guilty plea, alleging the same claims as in his first, amended, and second amended motions and adding claims that counsel was ineffective for (1) failing to present a possible defense requested by defendant, (2) failing to inform defendant he would be required to serve 85% of his sentence, and (3) promising defendant (i) he would receive a sentence of less than 15 years in prison if he pleaded guilty, (ii) a motion to dismiss the indictment would be granted, and (iii) he would "get [defendant] a plea agreement of 5 years." Defendant further stated he did not fully understand the trial court's admonishments regarding the consequences of pleading guilty.

¶ 16          On March 20, 2019, defendant filed a motion requesting to proceed *pro se*. At a hearing on April 4, 2019, the trial court admonished defendant regarding his right to proceed

- 4 -

*pro se* and asked defendant a number of questions regarding his education and familiarity with the criminal justice system before allowing the motion.

¶ 17 In May 2019, defendant filed a fourth amended motion to withdraw his guilty plea, repeating the allegations in his previous motions and adding that his plea counsel was ineffective for failing to: (1) challenge the amendment to count VII at the time of his plea, (2) move to dismiss the indictment because it violated his speedy trial rights, (3) move to dismiss "2 out of the 3 home invasion counts alleged against John Golden, and 1 out of the 2 home invasion counts alleged against Francis Bond, based on a violation of the double jeopardy clauses, under one-act, one-crime principles"; and (4) move to dismiss counts VI to IX pursuant to various sections of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a)(11) (West 2016); *id.* § 109-3.1).

¶ 18 On June 17, 2019, the trial court denied defendant's motion to withdraw his guilty plea, concluding that defendant's plea was knowingly and voluntarily made and that he had not made a *prima facie* showing of ineffective assistance of counsel "contributing to that plea and rendering it not knowing, intelligent or voluntary."

¶ 19 This appeal followed.

¶ 20 II. ANALYSIS

¶ 21 Defendant appeals, arguing this court should remand for a preliminary inquiry pursuant to *Krankel* because defendant raised a *pro se* allegation of ineffective assistance of counsel following sentencing. The State responds remand is not necessary because defendant was appointed new counsel and instead elected to proceed *pro se*. We conclude that under the particular facts of this case, the trial court satisfied its duties under *Krankel*.

¶ 22 "The common-law procedure, which has evolved from our decision in *Krankel*, is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel." *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. "Further, a *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." *People v. Moore*, 207 Ill. 2d 68, 79, 797 N.E.2d 631, 638 (2003). A defendant is not required to file a written motion but may raise the issue of ineffective assistance of counsel orally or through a letter or note to the court. *Ayres*, 2017 IL 120071, ¶ 11. Additionally, "when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim." *Moore*, 207 Ill. 2d at 77-78.

¶ 23 In *People v. Cunningham*, 376 Ill. App. 3d 298, 304, 875 N.E.2d 1136, 1143 (2007), the First District stated:

> "The ultimate purpose of a trial court's initial inquiry into a defendant's ineffective assistance claim is to determine whether new counsel should be appointed. [Citations.] When a defendant's actual allegations show possible attorney neglect of the case, the court should appoint new counsel to argue ineffective assistance, rather than simply having original trial counsel or a defendant argue the claim."

¶ 24 In *Cunningham*, the defendant argued the trial court should have conducted a preliminary *Krankel* inquiry into the factual basis of a posttrial complaint he filed with the Attorney Registration and Disciplinary Commission (ARDC) against his trial counsel. *Id.* The First District concluded the trial court was not required to conduct a *Krankel* inquiry because the defendant was subsequently represented by different counsel at sentencing and did not file a *pro se* motion alleging ineffective assistance of trial counsel. *Id.* In conclusion, the *Cunningham*

court stated, "[T]he initial [*Krankel*] inquiry's purpose is to determine whether new counsel should be appointed. Such an inquiry is irrelevant in the present case because defendant received new counsel." *Id.* at 306.

¶ 25     In a later discussion of *Cunningham*, the First District stated:

"We found no error in the court's failure to undertake a preliminary *Krankel* inquiry. First and foremost, the trial court granted defense counsel's motion to withdraw and allowed new counsel to represent the defendant, which ultimately is the goal of the preliminary *Krankel* inquiry—to determine whether the claims of ineffectiveness are sufficient to warrant the appointment of new counsel to pursue those claims. In other words, the defendant received all that a preliminary *Krankel* inquiry could have given him, anyway." *People v. Downing*, 2019 IL App (1st) 170329, ¶ 59, 147 N.E.3d 779.

¶ 26     Here, the court satisfied its duties under *Krankel* when it appointed new counsel to represent defendant following sentencing. The record shows that following the indictments, defendant retained private counsel, Kevin Dixon, to represent him. Following sentencing, defendant filed his initial *pro se* motion to withdraw his guilty plea—arguing only that his statutory speedy trial rights were violated and his sentence was excessive—and requested new counsel, explaining Dixon's representation concluded after final judgment. The court then appointed the Vermilion County Public Defender's Office to represent him. It was not until *after* the court appointed new counsel that defendant raised his *pro se* claims of ineffective assistance: the court appointed new counsel on December 14, 2018, and defendant *pro se* filed his amended motion to withdraw his guilty plea, which included the new ineffective assistance claims, on December 17, 2018. At the January 2019 status hearing, the court specifically acknowledged

defendant had raised *pro se* allegations of ineffective assistance in his amended motion and directed defendant's new appointed counsel to review those allegations, confer with defendant, and file a Rule 604(d) certificate to verify the same. Defendant's new appointed counsel, Mara, subsequently sent defendant a draft of a motion to withdraw defendant's guilty plea. Defendant ultimately disagreed with the proposed motion and asked to proceed *pro se*. Defendant had the opportunity to have counsel present his claims to the court and ultimately rejected that opportunity in favor of representing himself.

¶ 27　　　　Based on this record, we conclude no *Krankel* inquiry was necessary. New counsel had already been appointed to represent defendant *prior* to defendant bringing his ineffective assistance claims to the attention of the court. The court was aware of the ineffective assistance allegations and directed new counsel to investigate them. Accordingly, "[s]uch an inquiry is irrelevant in the present case because defendant received new counsel," (*Cunningham*, 376 Ill. App. 3d at 306), and "defendant received all that a preliminary *Krankel* inquiry could have given him." *Downing*, 2019 IL App (1st) 170329, ¶ 59. The court satisfied any duties it had under *Krankel*, and remand is not necessary.

¶ 28　　　　　　　　　　　　III. CONCLUSION

¶ 29　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 30　　　　Affirmed.