# Illinois Official Reports

## Supreme Court

---

### *People v. Ayres*, 2017 IL 120071

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. QWANTRELL L. AYRES, Appellant. |
| Docket No. | 120071 |
| Filed<br>Rehearing denied | February 17, 2017<br>May 22, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Champaign County, the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Jacqueline L. Bullard, Deputy Defender, and Jason B. Jordan and John M. McCarthy, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Springfield, for appellant.<br><br>Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Michael L. Cebula, Assistant Attorneys General, of Chicago, of counsel), for the People. |

| Justices | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Justices Freeman, Kilbride, and Theis concurred in the judgment and opinion. |
| | Justice Thomas dissented, with opinion, joined by Chief Justice Karmeier and Justice Garman. |
| | Chief Justice Karmeier and Justices Thomas and Garman dissented upon denial of rehearing. |

## OPINION

¶ 1     A *pro se* posttrial claim alleging ineffective assistance of counsel is governed by the common-law procedure developed from our decision in *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny. Here, we must decide whether defendant's allegation of "ineffective assistance of counsel" in his posttrial petition to withdraw guilty plea and vacate sentence triggered the circuit court's duty to inquire into the factual basis of defendant's claim. For the reasons set forth below, we answer that question in the affirmative.

¶ 2     BACKGROUND

¶ 3     In April 2013, defendant, Qwantrell Ayres, pled guilty to aggravated battery and was sentenced to 12 months' conditional discharge, with the requirement he not leave the state without court permission. In July 2013, the State filed a petition to revoke defendant's conditional discharge alleging he left the state without seeking the court's approval. Thereafter, defendant admitted and stipulated he left the state without permission.

¶ 4     The Champaign County circuit court held a sentencing hearing on September 4, 2013. Defendant called several witnesses. Michael McClellan testified he had been defendant's attorney in the past. McClellan stated he received a telephone call from defendant several months back and that defendant told him he was the subject of a police investigation involving a shooting. McClellan told defendant "you need to get the hell out of Dodge." McClellan stated that, based on previous conversations with defendant's mother, Ellisia Jones, he believed defendant had two places within the state where he could go. He denied being told defendant could only go to Indianapolis.

¶ 5     Jones's testimony contradicted McClellan's. Jones stated she told McClellan the only place defendant could go was Indianapolis. The circuit court sentenced defendant to seven years' imprisonment.

¶ 6     On September 26, 2013, defendant's attorney filed a motion to reconsider sentence, arguing defendant's sentence was excessive. The same day, defendant mailed a *pro se* petition to withdraw guilty plea and vacate sentence, alleging "ineffective assistance of counsel." On November 4, the court held a hearing on counsel's motion. Defendant was not present. The court denied counsel's motion to reconsider. The circuit court did not consider or even reference defendant's petition.

¶ 7     Defendant appealed, arguing the circuit court erred because it did not make a preliminary inquiry regarding his *pro se* claim of ineffective assistance of counsel. The appellate court affirmed, finding the four words "ineffective assistance of counsel" without explanation or any

supporting facts were insufficient to trigger the circuit court's duty to inquire. 2015 IL App (4th) 130996-U, ¶ 14. We granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015).

¶ 8                                    ANALYSIS

¶ 9        The issue in this case is whether defendant's allegation "ineffective assistance of counsel" without any factual support was sufficient to trigger a *Krankel* inquiry. There is a split in the appellate court on this question. Some decisions hold a bare claim warrants inquiry. *People v. Remsick-Miller*, 2012 IL App (2d) 100921; *People v. Pence*, 387 Ill. App. 3d 989 (2d Dist. 2009); *People v. Bolton*, 382 Ill. App. 3d 714 (2d Dist. 2008). Conversely, other decisions hold a bare allegation is insufficient and that a defendant must meet minimal requirements by asserting supporting facts or specific claims. *People v. Montgomery*, 373 Ill. App. 3d 1104 (4th Dist. 2007); *People v. Ward*, 371 Ill. App. 3d 382 (1st Dist. 2007); *People v. Radford*, 359 Ill. App. 3d 411 (1st Dist. 2005); *People v. Rucker*, 346 Ill. App. 3d 873 (1st Dist. 2003).

¶ 10       In *People v. Krankel*, 102 Ill. 2d 181 (1984), the defendant filed a posttrial *pro se* motion for a new trial alleging ineffective assistance of counsel because counsel failed to investigate an alibi defense and failed to present such a defense. *Id.* at 187. The defendant was given an opportunity at a posttrial hearing to present argument on the motion, after which the trial court denied it. *Id.* at 188-89. On appeal, the State conceded the defendant should have had new counsel to represent him on the motion. We agreed and remanded for a new hearing on the motion with different counsel to determine whether the defendant was denied effective assistance of counsel. *Id.*

¶ 11       The common-law procedure, which has evolved from our decision in *Krankel*, is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel. *People v. Jolly*, 2014 IL 117142, ¶ 29. This procedure "serves the narrow purpose of allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective assistance claims." *People v. Patrick*, 2011 IL 111666, ¶ 39. "[A] *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention" (*People v. Moore*, 207 Ill. 2d 68, 79 (2003); *People v. Taylor*, 237 Ill. 2d 68, 76 (2010)), and thus, a defendant is not required to file a written motion (*Patrick*, 2011 IL 111666, ¶ 29) but may raise the issue orally (*People v. Banks*, 237 Ill. 2d 154, 213-14 (2010)) or through a letter or note to the court (*People v. Munson*, 171 Ill. 2d 158, 200 (1996)). However, the trial court is not required to automatically appoint new counsel when a defendant raises such a claim. *Jolly*, 2014 IL 117142, ¶ 29. Rather, "[t]he law requires the trial court to conduct some type of inquiry into the underlying factual basis, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel." *People v. Moore*, 207 Ill. 2d 68, 79 (2003); see also *People v. Ramey*, 152 Ill. 2d 41, 52 (1992); *People v. Williams*, 147 Ill. 2d 173, 251 (1991); *People v. Nitz*, 143 Ill. 2d 82, 134 (1991). Specifically, the "trial court must conduct an adequate inquiry ***, that is, inquiry sufficient to determine the factual basis of the claim." *Banks*, 237 Ill. 2d at 213. " 'If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed.' " *Jolly*, 2014 IL 117142, ¶ 29 (quoting *Moore*, 207 Ill. 2d at 78).

¶ 12    In making the inquiry, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Id.* ¶ 30; *Moore*, 207 Ill. 2d at 78. Accordingly, the trial court is permitted to inquire of trial counsel about the defendant's allegations. *Jolly*, 2014 IL 117142, ¶ 30; *Moore*, 207 Ill. 2d at 78. Likewise, the court is permitted to discuss the allegations with defendant. *Jolly*, 2014 IL 117142, ¶ 30; *Moore*, 207 Ill. 2d at 78. Lastly, the trial court is permitted to make its determination based on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations. *Jolly*, 2014 IL 117142, ¶ 30; *Moore*, 207 Ill. 2d at 79.

¶ 13    "The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel." *Moore*, 207 Ill. 2d at 78; see also *Banks*, 237 Ill. 2d at 213; *People v. Johnson*, 159 Ill. 2d 97, 125 (1994). We have consistently held the goal of any *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claim and thereby potentially limit issues on appeal. *Jolly*, 2014 IL 117142, ¶ 38; *Patrick*, 2011 IL 111666, ¶ 41; *People v. Jocko*, 239 Ill. 2d 87, 91 (2010). "By initially evaluating the defendant's claims in a preliminary *Krankel* inquiry, the circuit court will create the necessary record for any claims raised on appeal." *Jolly*, 2014 IL 117142, ¶ 38. See *Moore*, 207 Ill. 2d at 81 (failure to conduct preliminary *Krankel* inquiry precludes appellate review).

¶ 14    The State first contends defendant was not entitled to a *Krankel* inquiry because his bare allegation of ineffective assistance of counsel was insufficient. Defendant did not even identify which attorney was allegedly ineffective, McClellan or the public defender who represented him throughout the proceedings. The State also argues defendant failed to explain whether the alleged ineffective representation occurred at his guilty plea or when he stipulated to violating probation and failed to indicate in what way counsel erred.

¶ 15    While this is all true, none of the information is known because the circuit court failed to address defendant's petition in any manner at all. Had the trial court conducted even a minimal inquiry, it surely would have ascertained which attorney defendant was complaining about. If defendant's complaint was directed at McClellan, who did not represent defendant during any of the relevant proceedings, the circuit court could have dispensed with the matter immediately, and there would have been no grounds for appeal.

¶ 16    Defendant contends the appellate court erred because his *express* claim of "ineffective assistance of counsel," even without additional support, factual allegations, or specific examples, triggered the trial court's duty to conduct an inquiry. Defendant argues several appellate court cases support such a conclusion. Defendant also relies on our statement in *Moore* that a defendant is only required to bring a claim to the court's attention. Defendant further maintains *Taylor* supports his position because, in *Taylor*, the defendant asserted an "implied" claim whereas here, defendant's claim is express. Defendant asserts that, since the trial court failed to conduct a preliminary inquiry, remand is necessary.

¶ 17    The State contends the rule urged by defendant is contrary to the weight of authority. It maintains defendant's reliance on *Moore* is misplaced because the broad language in *Moore* that defendant refers to related only to our discussion of waiver. Moreover, *Taylor* does not aid defendant because it discussed and relied on cases in which the defendants made detailed

allegations of ineffective assistance. According to the State, the better rule is "a trial court need not conduct a *Krankel* inquiry unless the defendant clearly indicates his intent to assert an ineffective assistance claim and also provides supporting facts or some explanation for his claim." In other words, the State believes the duty to conduct a *Krankel* hearing is triggered only when a defendant "expressly allege[s] that he received ineffective assistance because of a particular action that counsel took or neglected to take."

¶ 18        We note there is conflict among the districts of the appellate court as to what is sufficient to trigger a *Krankel* inquiry. Having carefully reviewed both views, we find that, when a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry. Such a ruling comports with our post-*Krankel* jurisprudence.

¶ 19        Both *Moore* and *Taylor* held a defendant need only bring his claim to the court's attention. While the State argues this broad statement was made in *Moore* in connection with waiver and, therefore, does not support defendant's argument here, we disagree. In *Moore,* we held "[t]he law requires the trial court to *conduct some type of inquiry into the underlying factual basis*, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel." (Emphasis added.) *Moore*, 207 Ill. 2d at 79. Our holding in *Moore* supports a conclusion that a claim need not be supported by facts or specific examples. If that were not the case, this court would not require the circuit court to conduct an inquiry into the underlying factual basis for the claim.

¶ 20        While we acknowledge the allegations of ineffective assistance in *Moore* and the cases it cited contained specificity, the issue in those cases was not whether and to what extent details were required to trigger a trial court's duty to inquire. We agree with defendant that the primary purpose of the preliminary inquiry is to give the defendant an opportunity to flesh out his claim of ineffective assistance so the court can determine whether appointment of new counsel is necessary.

¶ 21        We also agree that judicial economy is served by holding an express claim of ineffective assistance of counsel is all that is necessary to trigger a *Krankel* inquiry. The goal of *Krankel* is to "facilitate the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of trial counsel and thereby potentially limit issues on appeal." *Jolly*, 2014 IL 117142, ¶ 29. Moreover, "[b]y initially evaluating the defendant's claims in a preliminary *Krankel* inquiry, the circuit court will create the necessary record for any claims raised on appeal." *Id.* ¶ 38. Absent such a record, as in the case at bar, appellate review is precluded. Moreover, the inquiry is not burdensome upon the circuit court, and the facts and circumstances surrounding the claim will be much clearer in the minds of all involved when the inquiry is made just subsequent to trial or plea, as opposed to years later on appeal.

¶ 22        The State argues a claim of ineffective assistance in *any* communication to the court would necessitate an inquiry and, thus, a circuit court would be required to "minutely scrutinize" every *pro se* filing for such a complaint. We disagree. *Krankel* is limited to posttrial motions.

¶ 23        At oral argument, counsel posed the following question, "What if a *pro se* defendant is present in court and says 'I received ineffective assistance of counsel'? Can the circuit court just ignore that comment?" The answer is clearly "No," and because a circuit court cannot ignore such a claim, it would be illogical to now hold a court may ignore a claim made in a *pro se* defendant's written posttrial motion.

¶ 24    The purpose of the preliminary inquiry is to ascertain the underlying factual basis for the ineffective assistance claim and to afford a defendant an opportunity to explain and support his claim. In this way, the circuit court will have the necessary information to determine whether new counsel should be appointed to argue the claim of ineffective assistance of counsel. A defendant need only bring his claim to the court's attention, posttrial, whether orally or in writing. Here, defendant properly filed a *pro se* petition to withdraw his guilty plea and vacate sentence in which defendant claimed he received ineffective assistance of counsel. Despite this, the circuit court never addressed defendant's petition. Defendant was not present at the posttrial hearing and, therefore, was unable to ask the court to rule on his petition.

¶ 25                                    CONCLUSION

¶ 26    Based on the foregoing, we hold the circuit court erred in failing to conduct any inquiry into the factual basis of defendant's allegations. Thus, we remand this cause to the circuit court for a preliminary *Krankel* inquiry.

¶ 27    Reversed and remanded with directions.

¶ 28    JUSTICE THOMAS, dissenting:

¶ 29    The majority concludes that a *pro se* defendant's written, bare-bones assertion of "ineffective assistance of counsel," without any detail or explanation, is sufficient to trigger a preliminary hearing under *Krankel*. The majority consequently reverses and remands the cause to the circuit court for a preliminary *Krankel* hearing. I disagree with the majority's approach and therefore dissent.

¶ 30    Defendant simply stated in his written petition "ineffective assistance of counsel" without identifying which of the two possible attorneys in the case he was referring to and without describing in any way how counsel supposedly erred. I believe the appellate court correctly ruled that defendant's bare-bones contention was insufficient to require a *Krankel* inquiry. The new rule to the contrary now adopted by the majority of this court would have negative consequences and is contrary to the great weight of authority. See, *e.g.*, *People v. Rucker*, 346 Ill. App. 3d 873, 883 (2003) (alleging "inadequate representation by counsel" without providing any supporting facts or specific claims is insufficient to warrant inquiry); *People v. Hampton*, 242 Ill. App. 3d 194, 199 (1992) (alleging "ineffective assistance of counsel" without specific support insufficient); *People v. Reed*, 197 Ill. App. 3d 610, 612 (1990) (alleging defendant was "poorly represented" without explanation is insufficient); see also *People v. Montgomery*, 373 Ill. App. 3d 1104, 1120-21 (2007) (collecting cases for the proposition that no inquiry under *People v. Moore*, 207 Ill. 2d 68 (2003), is required where the defendant's *pro se* complaint against counsel is general and conclusory); *People v. Ward*, 371 Ill. App. 3d 382, 432-33 (2007) (collecting cases for the same); *People v. Radford*, 359 Ill. App. 3d 411, 418 (2005); *People v. Sperow*, 170 Ill. App. 3d 800, 813 (1988).

¶ 31    A conclusory allegation—such as a statement that counsel "should have investigated 'relevant facts and witnesses' " without explaining "what or to whom [the defendant] is referring"—does not warrant remand for further *Krankel* proceedings. *People v. Towns*, 174 Ill. 2d 453, 467 (1996). Similarly, a nonspecific allegation that a defendant later characterized on appeal as an "implicit" claim of ineffective assistance of counsel was held insufficient to

require the trial court to conduct a preliminary *Krankel* inquiry. *People v. Taylor*, 237 Ill. 2d 68, 76-77 (2010).

¶ 32 In *Taylor*, the defendant complained that he would have accepted the State's plea offer had he been informed about the sentence he faced if he were found guilty after trial. *Id.* at 73-74. This court distinguished *Taylor* from other cases where defendants expressly alleged that counsel provided ineffective assistance in certain specific ways, such as identifying the particular witnesses counsel failed to investigate. *Id.* at 76. This court then held that the trial court did not err in failing to conduct an inquiry, noting that, "[i]f defendant's statement in the case at bar were deemed sufficient to require a *Krankel* inquiry, few statements would be insufficient." *Id.* at 77.

¶ 33 The majority cites *People v. Moore*, 207 Ill. 2d 68 (2003), in support of the conclusion that an ineffective-assistance claim need not be supported by any specific reason. *Supra* ¶ 11. But the majority's reliance upon *Moore* is misplaced. In *Moore*, the defendant's *pro se* motion contained detailed allegations that counsel incorrectly advised him to waive his right to a jury trial and his right to testify, failed to impeach the State's witnesses with contradictory police reports, and committed other specific errors. *Moore*, 207 Ill. 2d at 76-77. Unlike here, the question presented in *Moore* was whether the trial court erred in concluding that the defendant's detailed claim, which was filed prior to sentencing, "could be resolved by the appointment of different counsel *on appeal*." (Emphasis in original.) *Id.* at 79. The issue in *Moore* was not whether a bare-bones claim of ineffective assistance would be sufficient to trigger a preliminary *Krankel* inquiry.

¶ 34 The majority asserts that specific support for the claim is not required in the written motion because "[i]f that were not the case, this court would not require the circuit court to conduct an inquiry into the underlying factual basis for the claim." *Supra* ¶ 19. The majority's reasoning is faulty and demonstrates a misunderstanding of the nature of the preliminary inquiry. The purpose of the preliminary inquiry is not, as the majority seems to think, to afford a defendant a chance to come up with a specific claim; rather, the purpose is to evaluate a specific claim, provided one has actually been made. Under my approach and consistent with the vast majority of cases previously decided in Illinois, a defendant first has to articulate his theory of why he was denied the effective assistance of counsel before he is entitled to a preliminary inquiry in the first place. See *Taylor*, 237 Ill. 2d at 77. Only once the defendant articulates a specific reason for his claim does the cause proceed to a preliminary inquiry, where the trial court then examines the specific claim to determine whether it lacks merit or pertains only to matters of trial strategy, in which case the court need not appoint new counsel and may deny the *pro se* motion. See *Moore*, 207 Ill. 2d at 77-78.

¶ 35 The majority also suggests that it is somehow "illogical" to require written motions to provide specificity when in practicality a defendant orally asserting ineffective assistance in open court will likely be asked by the trial court to set forth in what way counsel was ineffective. See *supra* ¶ 23.[1] But I see nothing illogical. In a case of a defendant filing a written

---

[1] The majority raises a hypothetical question: "What if a *pro se* defendant is present in court and says 'I received ineffective assistance of counsel'? Can the circuit court just ignore that comment?" The majority states that the answer to this question is "clearly 'No.' " *Supra* ¶ 23. But the majority is wrong on this point, too, because the correct answer is clearly "yes," at least as long as the circuit court does not "preclude or dissuade" the defendant from making a fuller presentation if he attempts to do so. See

*pro se* motion, the written motion is the opportunity for the defendant to tell the court how, specifically, counsel was ineffective, the same way a defendant would do orally in open court. The rule would be the same for both oral and written motions: a bare claim of "ineffective assistance of counsel" would be insufficient to invoke a duty to conduct a preliminary inquiry, and the court is under no obligation to press further. See *Ward*, 371 Ill. App. 3d at 432-33. A rule requiring defendants to state their claims and provide some supporting facts in the written motion will ease the burden on the lower courts and will weed out defendants who have no colorable claim or are simply frustrated with the results of their case and are looking to blame someone, but who have no specific allegations of how their attorney might have erred. The majority's new rule will require the trial court to carefully scrutinize the many *pro se* submissions it receives, looking for a bare allegation of ineffective assistance of counsel. If it finds one, it would then be required to schedule a hearing, writ the defendant to court, and personally question both the defendant and his attorney about the claim. In addition, if the court misses that bare allegation, the appellate court would in all cases be required to remand the case for a hearing even though the claim is meritless. The reality is that when defendants have meritorious *pro se* claims, they don't simply say "ineffective assistance of counsel" and leave it at that. Instead, they complain about specific matters, actions that counsel erroneously took or failed to take. Thus, I would hold that (1) the appellate court correctly concluded that the simple four-word allegation of "ineffective assistance of counsel" does not meet the minimum requirements necessary to trigger an inquiry under *Moore* and (2) the trial court did not err by failing to writ defendant for a hearing in this case.

¶ 36     Accordingly, I dissent from the majority's contrary conclusions.

¶ 37     CHIEF JUSTICE KARMEIER and JUSTICE GARMAN join in this dissent.

---

*Ward*, 371 Ill. App. 3d at 432-33 (holding that a circuit court does not err when it does not conduct a preliminary inquiry under *Moore* when faced with an oral *pro se* claim of ineffective assistance of counsel that is bald and unsupported by specific facts or detail).