NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190878-U

NOS. 4-19-0878, 4-19-0908 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DERRICK D. JENKINS, | ) | Nos.  16DT702 |
| Defendant-Appellant. | ) | 16CM1656 |
| | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justice Cavanagh concurred in the judgment.
Justice Turner dissented.

**ORDER**

¶ 1     *Held*:   The appellate court remanded, finding defendant is entitled to another *Krankel* inquiry for his claim he did not receive a jury of his peers.

¶ 2          In March 2017, a jury found defendant, Derrick D. Jenkins, guilty of driving under the influence of alcohol and obstructing a peace officer. The trial court sentenced him to 150 days in jail. Defendant appealed, alleging two errors: (1) the trial court erred in not holding a *Krankel* inquiry concerning ineffective assistance claims he raised in a letter and (2) the State failed to prove him guilty beyond a reasonable doubt of obstructing a peace officer. Addressing the first issue only, this court remanded the matter to the trial court for a *Krankel* inquiry. *People v. Jenkins*, 2019 IL App (4th) 170319-U; see also *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984). The trial court conducted the *Krankel* inquiry in December 2019 with defendant,

defense counsel, and the State present. Following statements from defendant and defense counsel, the court declined to appoint new counsel to investigate defendant's claims.

¶ 3        In this appeal, defendant argues his "claim that his attorney failed to select a jury of his peers was not sufficiently addressed during the *Krankel* inquiry." Specifically, he notes that counsel's response to his jury-of-his-peers claim—how she raised a *Batson* challenge (see *Batson v. Kentucky*, 476 U.S. 79 (1986)) during *voir dire*, which trial the court entertained—is not supported by the record. Defendant requests that we remand the case to the trial court with instructions to hold another *Krankel* inquiry on this single claim. The State counters by arguing "the trial court conducted an adequate pre-*Krankel* hearing and found defendant's claims 'misleading' and 'conclusory' "; therefore, "no new *Krankel* hearing is warranted." The State acknowledges "the record [here] fails to support any allegations that a *Batson*-type hearing was conducted," but reasons "this deficiency should be resolved in [its] favor" because defendant bore the burden of preserving and producing the record on appeal. We agree with defendant.

¶ 4                                I. BACKGROUND

¶ 5        The underlying facts of this case are set forth in *Jenkins*, where we remanded this matter to the trial court with instructions to hold a *Krankel* inquiry. In December 2019, the trial court held the required *Krankel* inquiry where it allowed defendant to elaborate upon his ineffective-assistance-of-counsel claims and then allowed trial counsel to respond to each claim. The trial court eventually concluded, "Based on what we've heard here today, I don't believe it necessary *** to appoint an attorney to further investigate *** the claims outlined in the March 15, 2017 letter. And so I'm going to decline to appoint an attorney in this case to further investigate these claims in each of these cases."

¶ 6        This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8            The pre-*Krankel* "procedure 'serves the narrow purpose of allowing the trial court

to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial

ineffective assistance claims.' " *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732 (quoting

*People v. Patrick*, 2011 IL 111666, ¶ 39, 960 N.E.2d 1114). Though "the trial court is not

required to automatically appoint new counsel when a defendant raises such a claim" of

ineffective assistance of counsel, it must " 'conduct an adequate inquiry ***, that is, inquiry

sufficient to determine the factual basis of the claim.' " *Ayres*, 2017 IL 120071, ¶ 11 (quoting

*People v. Banks*, 237 Ill. 2d 154, 213, 934 N.E.2d 435, 468 (2010)). Ordinarily an adequate

inquiry may include "(1) questioning the trial counsel, (2) questioning the defendant, [or]

(3) relying on its own knowledge of the trial counsel's performance in the trial." *People v.*

*Peacock*, 359 Ill. App. 3d 326, 339, 833 N.E.2d 396, 407 (2005). A trial court's decision not to

appoint new counsel following an adequate inquiry into defendant's claims "shall not be

overturned on appeal unless the decision is manifestly erroneous." *People v. McCarter*, 385 Ill.

App. 3d 919, 941, 897 N.E.2d 265, 285 (2008).

¶ 9            Here, the trial court inquired into defendant's ineffective-assistance-of-counsel

claims by questioning defendant and counsel. Concerning the jury-of-his-peers claim, defendant

declined to add any new information to the bare-bones claim contained in his March 2017 letter.

Defense counsel, on the other hand, explained she made a *Batson* challenge when the State

struck a potential juror who was African American. According to counsel, the court entertained

her challenge by allowing the State to provide reasons for excusing the African-American juror.

¶ 10           In addressing each claim and rendering a decision, the trial court said, "The

question about a jury of your peers, that is a somewhat misleading claim. Ms. Metoyer took

- 3 -

efforts during the course of the jury selection to make sure that it was affair [*sic*] selection of jurors in this case." Ultimately, concerning this claim specifically and defendant's claims generally, the court concluded:

"*Based on what we've heard here today*, I don't believe it necessary to—to appoint an attorney to further investigate the claim—the claims outlined in the March 15, 2017 letter. And so I'm going to decline to appoint an attorney in this case to further investigate these claims in each of these cases." (Emphasis added).

Based on the record before us, we cannot determine whether this decision is manifestly erroneous. See *McCarter*, 385 Ill. App. 3d at 941.

¶ 11        Defendant's brief is correct—there is no question the current record contains no mention of the defense making a *Batson* challenge in this matter. The State's brief essentially concedes as much. We, therefore, cannot judge whether counsel's explanation is true. Moreover, based on the trial court's comments on the record, we do not know if it relied on counsel's explanation in finding no factual basis for this particular claim.

¶ 12        Though nearly three years removed from the trial, the same assistant state's attorney and the same judge sat through the *Krankel* inquiry, and neither spoke up to refute defense counsel's representation that all three participated in a *Batson* challenge during *voir dire*. Of course we know firsthand the large caseloads judges and attorneys bear, and we understand even the best memories fade, but the judge's and state's attorney's silence at least *suggests* that a *Batson* challenge may have occurred for which no record remains. Furthermore, the State's argument that we should construe any deficiency in the record against defendant at least *suggests* there could have been a *Batson* challenge that went unrecorded because, in our view,

"deficiency" connotes something exists but was not included in the record. Since we do not know if this record is deficient, we decline the State's invitation to construe what might be a phantom deficiency against defendant. Indeed, defendant claims he coordinated with the court reporter to assure the accuracy of the *voir dire* transcript, and we have no reason to doubt that claim given the record before us.

¶ 13 To do justice here, we need clarification. We cannot conclude if the trial court rendered a manifestly erroneous decision without knowing whether a *Batson* challenge occurred or whether the court relied on counsel's statement when deciding this particular claim. In our view, the best way to clarify the record would be to hold a new *Krankel* inquiry on defendant's jury-of-his-peers claim alone, where the court and parties can explain on the record whether a *Batson* challenge happened in this matter or what counsel did to assure defendant received a jury of his peers, or even what the court relied on in refusing to appoint new counsel for this claim.

¶ 14 Since this case remains in limbo, as before, "we decline to address defendant's remaining issue in regard to his conviction for obstructing a peace officer. [Citation.] 'Depending on the result of the preliminary *Krankel* inquiry, defendant's other claims may become moot.' " *Jenkins*, 2019 IL App (4th) 170319-U, ¶ 20 (quoting *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37, 100 N.E.3d 177).

¶ 15 III. CONCLUSION

¶ 16 For the reasons stated, we remand with directions to hold another *Krankel* inquiry to clarify either the record or defense counsel's comments concerning defendant's jury-of-his-peers claim.

¶ 17 Remanded with directions.

¶ 18 JUSTICE TURNER, dissenting.

- 5 -

¶ 19        I respectfully dissent. Unlike the majority, I would find Judge Yoder conducted an adequate *Krankel* hearing, and I would address defendant's claim the State failed to prove him guilty beyond a reasonable doubt of obstructing a peace officer.