2022 IL App (5th) 190429-U

NOTICE
Decision filed 06/08/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-19-0429

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 16-CF-1650 |
| | ) | |
| EVA D. HEISCH, | ) | Honorable |
| | ) | Richard L. Tognarelli, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: We remand this case with directions for the trial court to conduct a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, because the trial court did not conduct an inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel.

¶ 2    The defendant, Eva D. Heisch, appeals her convictions and sentence for first degree murder and armed robbery. The defendant alleges that her trial attorneys were ineffective for failing to: (1) preclude the State from using the defendant's post-*Miranda*[1] right to silence as evidence of her guilt at trial; (2) submit a limiting instruction regarding

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

1

statements made by officers during the interrogation of the defendant; (3) submit a limiting instruction that her codefendant's conviction was not evidence against the defendant; and (4) request separate verdict forms for intentional murder and felony murder. The defendant also challenges her sentence, arguing that: (1) it was disproportionate to her role in the offense; (2) the aggravating factors cited by the trial court did not justify the maximum sentence given; and (3) the maximum sentence given to the defendant did not reflect the mitigating evidence presented or include a goal of rehabilitation. The defendant further argues that her trial attorneys were ineffective for failing to file a postsentencing motion and that this case should be remanded pursuant to *People v. Owens*, 384 Ill. App. 3d 670 (2008), so that the defendant may consult with counsel about filing a motion to reconsider her sentence. Finally, the defendant contends that remand for a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), is necessary because the defendant made posttrial allegations of ineffective assistance of counsel and the trial court failed to conduct an inquiry into the defendant's allegations.

¶ 3     For the following reasons, we remand this case to the trial court for a preliminary *Krankel* inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel. Because we are remanding this matter for a preliminary inquiry, we need not address the defendant's remaining issues.

¶ 4                                    BACKGROUND

¶ 5     On July 21, 2016, the defendant was charged with three counts of first degree murder (720 ILCS 5/9-1(a)(1) through (a)(3) (West 2014)) and one count of armed robbery (720 ILCS 5/18-2(a)(1) (West 2014)). On August 26, 2019, following a six-day jury trial,

2

the jury returned general verdict forms finding the defendant guilty of both first degree murder and armed robbery.

¶ 6    On September 16, 2019, a letter from the defendant, dated September 11, 2019, was filed with the circuit court. In this letter, the defendant alleged, *inter alia*, that "vital" evidence from one of her laptops and a letter to the defendant from the codefendant were not disclosed in discovery. The defendant further alleged that the evidence was supposed to be used in the defense of her case, but that her trial attorneys ignored the defendant's request to use the evidence.

¶ 7    On September 23, 2019, the defendant's attorneys filed a motion for a new trial alleging various trial errors as well as the State's failure to produce the defendant's computer and the letter in discovery. On October 9, 2019, the trial court heard the defendant's motion for a new trial. The trial court denied the motion for a new trial and proceeded to sentencing.

¶ 8    During the sentencing portion of the hearing, the defendant made a statement in allocution. At the outset of her statement, the defendant requested that the clerk file the defendant's notice of appeal because she did not believe her attorneys would do so. Later in her statement, the defendant stated the following:

> "I would like to let you know, your Honor, that not many people will know about the letter that you sealed the Friday before trial started.[2] But I

---

[2]Prior to trial, a jail administrator at the Madison County Sheriff's Office emailed a letter from the defendant to the trial judge. In this letter, the defendant complained of her trial attorneys' defense strategy and alleged that her attorneys asked her lie to the jury.

do. And it bothers me that a reputation of—the reputation of the attorneys would cause that document to be sealed. I do not believe that my attorneys have done their job. And I think that that's demonstrated by the fact that there was no evidence submitted on my behalf.

All though [*sic*] in their possession they had a letter from Jessie Werley stating that the only reason that he accused me of being there and being involved in that murder is because I turned him in. But that letter was not given to this Court. That letter was not submitted for evidence. And I don't know what the reasoning is behind that. I don't know what the reasoning is behind the fact that none of the police reports or the officers that were called when he had abused me, they didn't testify.

Why the expert witness, the lab expert, all of a sudden was dismissed the morning he was supposed to be testifying. Never testified in Court. Why other witnesses that were on my witness list did not testify in Court. Why the hospital records showing that I had been choked so badly by Jessie Werley that his fingerprints were on my neck. That I had been cut by the knife that he tried to use on everybody else. Why those weren't submitted into evidence. But I do not feel that the attorneys in my case did their job properly."

The defendant then began to allege that the State failed to include evidence in discovery, but the trial court interrupted the defendant. The trial court told the defendant that "this has nothing to do with your sentencing" and advised the defendant that she could "raise all

4

these issues with the Appellate Court." The trial court stated that her attorneys made arguments in the defendant's posttrial motion, "which preserve all those errors." The defendant continued with her statement in allocution.

¶ 9     Ultimately, the trial court sentenced the defendant to 60 years in the Illinois Department of Corrections (IDOC) for first degree murder, consecutive to 30 years in IDOC for armed robbery. The trial court advised the defendant of her right to file a motion to reduce or reconsider sentence and to file a notice of appeal. The defendant indicated that she did not wish to file a motion to reduce or reconsider sentence but wished to proceed with an appeal. No postsentencing motion was filed by the defendant's trial attorneys. This appeal followed.

¶ 10                              ANALYSIS

¶ 11    On appeal, the defendant contends that the trial court failed to conduct an inquiry into her *pro se* allegations of ineffective assistance of counsel. The defendant asks this court to remand this case for a preliminary inquiry into her *pro se* allegations. The State concedes that the trial court failed to conduct an inquiry into the defendant's *pro se* allegations and that this case should be remanded for the purpose of conducting a preliminary inquiry. We agree.

¶ 12    The common law procedure that has developed from *Krankel* and its progeny is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel. *People v. Jackson*, 2020 IL 124112, ¶ 96. When the defendant makes such a claim, the trial court should first conduct an inquiry into the factual basis of the claim. *Jackson*, 2020 IL 124112, ¶ 97. If the trial court finds that the claim lacks merit or pertains only to

5

matters of trial strategy, new counsel need not be appointed, and the trial court may deny the *pro se* motion. *Jackson*, 2020 IL 124112, ¶ 97. If the allegations show possible neglect of the case, however, the trial court should appoint new counsel to represent the defendant. *Jackson*, 2020 IL 124112, ¶ 97. New counsel then represents the defendant at a hearing on the *pro se* claim of ineffective assistance of counsel. *Jackson*, 2020 IL 124112, ¶ 97.

¶ 13    If the trial court has failed to conduct any inquiry into the defendant's *pro se* claims, the case should be remanded for the trial court to conduct the appropriate inquiry. *People v. Moore*, 207 Ill. 2d 68, 79 (2003). The primary purpose of the preliminary inquiry is to give the defendant an opportunity to flesh out his or her claims of ineffective assistance of counsel so that the trial court can determine whether it is necessary to appoint new counsel. *People v. Ayres*, 2017 IL 120071, ¶ 20. In conducting this inquiry, some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the defendant's claims is permissible, and usually necessary, to assess whether further action is warranted. *Ayres*, 2017 IL 120071, ¶ 12. The trial court may also discuss the claims with the defendant. *Ayres*, 2017 IL 120071, ¶ 12. Finally, the trial court can base its evaluation on its personal knowledge of trial counsel's performance at trial and the insufficiency of the defendant's claims. *Ayres*, 2017 IL 120071, ¶ 12. The goal of *Krankel* proceedings is to facilitate the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of counsel, thereby potentially limiting the issues on appeal. *Ayres*, 2017 IL 120071, ¶ 13.

¶ 14    Here, we find that during the defendant's statement in allocution, she made allegations concerning her trial attorneys that were sufficient to trigger a preliminary

6

*Krankel* inquiry. The defendant had indicated that she did not believe that her trial attorneys had done their job and questioned why certain evidence was not admitted in her defense at trial. The trial court made no inquiry into the factual basis underlying the defendant's allegations. Accordingly, we must remand this matter so that the trial court may conduct the appropriate inquiry into the defendant's *pro se* allegations.

¶ 15    Because we are remanding this matter to allow the trial court to conduct the proper inquiry, we decline to address the defendant's remaining claims on appeal. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37. Depending on the result of the preliminary inquiry, the defendant's remaining claims may become moot. *Bell*, 2018 IL App (4th) 151016, ¶ 37. If the trial court does not grant the defendant a new trial following the proceedings on remand, the defendant may still appeal to this court based on her posttrial claims of ineffective assistance of counsel or the other claims raised in this appeal that we have not addressed. See *People v. Alexander*, 2020 IL App (3d) 170829, ¶ 35 (citing *Krankel*, 102 Ill. 2d at 189). We direct appellate counsel to provide copies of their briefs to the trial attorneys and the trial court on remand. See *Bell*, 2018 IL App (4th) 151016, ¶ 37.

¶ 16    For the foregoing reasons, we remand this matter to the trial court with directions that the court conduct a preliminary *Krankel* inquiry into the defendant's *pro se* posttrial allegations of ineffective assistance of counsel.

¶ 17    Remanded with directions.