NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220493-U

NO. 4-22-0493

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JAMAR RAUL CORREA, | ) | No. 17CF863 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Lannerd and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Remand for a new inquiry into defendant's *pro se* claims of ineffective assistance
             of counsel is warranted where the appellate record does not reveal a complete and
             adequate inquiry.

¶ 2     After a February 2019 trial, a jury found defendant, Jamar Raul Correa, guilty of

three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West

2014)).  Defense counsel and defendant himself filed several posttrial motions.  At a March 2022

hearing, the McLean County circuit court denied the posttrial motions and sentenced defendant

to three consecutive 14-year prison terms.  Defendant filed *pro se* a motion to vacate judgment,

raising a claim of ineffective assistance of defense counsel, and defense counsel filed a motion to

reconsider defendant's sentence.  At an April 15, 2022, hearing, the court first heard and denied

defense counsel's motion to reconsider defendant's sentence.  The court then commenced an

inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984).  While

defendant was stating his claims of ineffective assistance of counsel, the court continued the inquiry to attend to another matter. Thereafter, the State filed a motion to amend the sentencing judgment. At a May 2022 hearing, the court heard and granted the State's motion to amend the sentencing judgment. The court also noted it would enter an order on defendant's ineffective assistance of counsel claims. On May 18, 2022, the court entered a written order, declining to appoint defendant new counsel to investigate his ineffective assistance of counsel claims.

¶ 3        Defendant appeals, contending the trial court (1) failed to properly conduct a full *Krankel* inquiry and (2) denied him the right to a public trial by forcing defendant's family members to leave the courtroom during the testimony of minors. We remand the cause with directions.

¶ 4                                    I. BACKGROUND

¶ 5        In August 2017, a grand jury indicted defendant on three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and one count of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2012)). The alleged victim of the three counts of predatory criminal sexual assault was E.A., and the victim of the aggravated criminal sexual abuse count was J.D. That same month, the trial court appointed the public defender to represent defendant. However, private counsel represented defendant from October 2017 to May 2018, when the court again appointed the public defender to represent defendant. In June 2018, Brian McEldowney, an assistant public defender, began his representation of defendant.

¶ 6        In February 2019, the trial court held a jury trial on just the three counts of predatory criminal sexual assault of a child. Before the State presented its witnesses, it moved to exclude witnesses. It also requested the courtroom be closed during the minors' testimony,

- 2 -

except for three people who were related to the minors and not listed as witnesses. Defense counsel joined in the motion to exclude and did not take a position on the exclusion of the general public during the minors' testimony. The court granted the State's motions and noted only the media and representatives for the minors would be allowed to stay in the courtroom for the minors' testimony. The State's second witness was the alleged victim, and the court closed the courtroom and asked everyone to leave who did not have permission to stay. A spectator sought to talk, and the court replied, unless the spectator had been given permission to stay, the spectator had to go into the hall. The spectator complied. After E.A.'s testimony, another minor, D.B., testified. Both E.A. and D.B. are the children of Shirlene D., who had previously dated defendant. At the conclusion of the trial, the jury found defendant guilty of all three charges of predatory criminal sexual assault of a child.

¶ 7 Defense counsel filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The motion did not raise any claims regarding the exclusion of defendant's relatives during the minors' testimony. Defendant filed *pro se* multiple posttrial motions, one of which raised a challenge to the trial court's exclusion of his parents and brother from the courtroom during the minors' testimony. Given the State's petition for leave to appeal in *People v. Schoonover*, 2019 IL App (4th) 160882, 158 N.E.3d 253, the trial court continued the hearing on the posttrial motions until the supreme court's decision in *People v. Schoonover*, 2021 IL 124832, 190 N.E.3d 802, which reversed this court's judgment. On March 8, 2022, the court held a hearing on the posttrial motions. The court denied them and proceeded to sentencing. At the conclusion of the sentencing hearing, the court sentenced defendant to three consecutive prison terms of 14 years.

¶ 8 On March 30, 2022, defendant filed *pro se* a motion to vacate the judgment,

raising an ineffective assistance of counsel claim based on McEldowney's contemporaneous representation of him and Shirlene D. The next day, McEldowney filed a motion to reconsider defendant's sentence. On April 15, 2022, the trial court held a hearing and first denied the motion to reconsider defendant's sentence. The court then commenced a *Krankel* inquiry. Defendant began by describing his *per se* conflict of interest claim and also asserted an actual conflict of interest. Defendant also mentioned McEldowney's failure to object to the closing of the courtroom when defendant's immediate family was present. Defendant last asserted McEldowney should have sought to exclude two of the jurors who had a personal relationship with the trial judge. At that point, the court noted it had another matter come up and it would have to continue the inquiry to April 29, 2022. The court did not ask defendant or McEldowney any questions during the inquiry.

¶ 9 The docket sheet does not note a hearing took place on April 29, 2022, and in his brief, defendant states the McLean Country trial court administrator noted the hearing date of April 29, 2022, was vacated. On May 6, 2022, the State filed a motion to amend the sentencing judgment. On May 11, 2022, the docket sheets state the trial court commenced a hearing on the State's motion to amend but continued the hearing to give the court an opportunity to review the motion to amend. The record on appeal lacks a transcript for the May 11, 2022, hearing. However, at the next hearing on May 13, the court noted it did not receive the State's motion until five minutes before the May 11 hearing and was unsure what the State was requesting. Thus, the court decided to continue the hearing to give it more time to review the motion. At the May 13, 2022, hearing, the court heard the State's motion to amend. Defendant chose to proceed *pro se* on the motion, noting he had too many issues with McEldowney and did not want to further damage his case. After hearing the parties' arguments, the court granted the State's

- 4 -

motion to amend. The court did note it expected to have a ruling on the claims of ineffective assistance of counsel the following week.

¶ 10        On May 18, 2022, the trial court entered a written order on the *Krankel* inquiry, declining to appoint counsel to investigate defendant's claims of ineffective assistance of counsel. In the order, the court referred to statements by McEldowney about his representation of Shirlene D. The court found the *per se* conflict of interest claim was conclusory, misleading, and legally immaterial but did not address defendant's claim of an actual conflict. The court also found defendant's claims regarding stipulations and his arrest warrant were legally immaterial. The court further found defendant's claims related to counsel's (1) failure to assert an affirmative defense, (2) failure to question the minors about sexual knowledge, (3) failure to call Shirlene D. as a witness, (4) failure to properly impeach witnesses, and (5) alleged prejudicial remarks during his opening statement were all matters of trial strategy.

¶ 11        On June 9, 2022, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Accordingly, this court has jurisdiction of defendant's convictions and sentences under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 12                              II. ANALYSIS

¶ 13        On appeal, defendant contends the trial court did not conduct a proper *Krankel* inquiry. The State asserts the court was not expressly obligated to receive input from trial counsel and addresses the merits of defendant's ineffective assistance of counsel claim based on a *per se* conflict of interest. We agree with defendant the record on appeal does not reveal a complete and adequate *Krankel* inquiry and do not address the merits of the *per se* conflict of interest argument.

¶ 14   A *pro se* posttrial claim alleging ineffective assistance of counsel is governed by the common-law procedure developed by our supreme court in *Krankel* and refined by its progeny. *People v. Roddis*, 2020 IL 124352, ¶ 34, 161 N.E.3d 173. "The procedure encourages the trial court to fully address these claims and thereby narrow the issues to be addressed on appeal." *Roddis*, 2020 IL 124352, ¶ 34. Under the supreme court's procedures, the circuit court does not automatically appoint counsel when a defendant presents a *pro se* posttrial claim alleging ineffective assistance of counsel. *Roddis*, 2020 IL 124352, ¶ 35. Rather, the court first examines the factual basis of the defendant's claim. *Roddis*, 2020 IL 124352, ¶ 35. It does so by conducting some type of inquiry into the underlying factual basis of the defendant's *pro se* ineffective assistance of counsel claim. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. "Specifically, the trial court must conduct an adequate inquiry ***, that is, inquiry sufficient to determine the factual basis of the claim." (Internal quotation marks omitted.) *Ayres*, 2017 IL 120071, ¶ 11. In doing so, the court considers the merits of defendant's allegations in their entirety. *Roddis*, 2020 IL 124352, ¶ 61.

¶ 15   If the trial court determines the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* claim. *Roddis*, 2020 IL 124352, ¶ 35. "However, if the allegations show possible neglect of the case, new counsel should be appointed." *Roddis*, 2020 IL 124352, ¶ 35. New counsel can then independently evaluate the defendant's claim and avoid the conflict of interest trial counsel would have in trying to justify his or her own actions contrary to the defendant's position. *Roddis*, 2020 IL 124352, ¶ 36. New counsel also represents the defendant at the hearing on the *pro se* ineffective assistance of counsel claim. *Roddis*, 2020 IL 124352, ¶ 36.

¶ 16   Whether the trial court conducted an adequate *Krankel* inquiry into the

defendant's *pro se* allegations of ineffective assistance of counsel presents a legal question that we review *de novo*. *People v. Jackson*, 2020 IL 124112, ¶ 98, 162 N.E.3d 223. When the court has properly conducted a *Krankel* inquiry and has reached a determination on the merits of the defendant's *Krankel* motion, this court will reverse that determination only if the circuit court's action was manifestly erroneous. *Jackson*, 2020 IL 124112, ¶ 98. "Manifest error is error that is clearly evident, plain, and indisputable." *Jackson*, 2020 IL 124112, ¶ 98.

¶ 17        Here, the trial court began a *Krankel* inquiry on April 15, 2022, but continued it while defendant was still setting forth his claims of ineffective assistance of counsel. The court asked neither defendant nor defense counsel questions during the April 15, 2022, inquiry. The record on appeal contains no evidence the court resumed the *Krankel* inquiry. Moreover, the State does not assert the court did have another hearing date and does not contest the Office of the State Appellate Defender's (OSAD) assertion the McLean County trial court administrator stated the hearing date of April 29, 2022, was vacated. We recognize the court's language in its written order declining to appoint defendant new counsel refers to statements by McEldowney not made and claims not raised by defendant on April 15, 2022, suggesting the court may have in fact resumed the *Krankel* inquiry. While we agree with the State the court did not have to question defense counsel, the language of its order suggests it may have done so. Here, the record fails to show where the court undertook such questioning, and OSAD appears to have diligently searched for another hearing date at which the continued inquiry occurred. With no evidence of a continued inquiry, defendant appears not to have had the opportunity to state all of his ineffective assistance of counsel claims, and an adequate factual basis to determine his ineffective assistance of counsel claims was not developed. Moreover, the court's order itself fails to address defendant's claims defense counsel had an actual conflict of interest and

counsel's failure to object to the exclusion of defendant's immediate family from the courtroom constituted ineffective assistance, both of which defendant raised on April 15, 2022. As stated, one purpose of the *Krankel* procedures is to have the trial court fully address the ineffective assistance of counsel claims and narrow the issues to be addressed on appeal. *Roddis*, 2020 IL 124352, ¶ 34. The procedures in this case fall short, and we remand the case for the limited purpose of conducting a new *Krankel* inquiry at which defendant can present all of his claims of ineffective assistance of counsel and the court can make an adequate inquiry into those claims on the record.

¶ 18 Given our decision to remand for a new *Krankel* inquiry, we decline to address defendant's other claim on appeal but do retain jurisdiction of it. Depending on the result of the *Krankel* proceedings, that issue may become moot. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37, 100 N.E.3d 177.

¶ 19                                        III. CONCLUSION

¶ 20 For the reasons stated, we remand the cause to the McLean County circuit court to conduct a new *Krankel* inquiry into defendant's ineffective assistance of counsel claims.

¶ 21 Cause remanded with directions.