2023 IL App (1st) 211645-U

No. 1-21-1645

Order filed September 22, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. CR 12764 02 |
| | ) | |
| CHARLES SOUTHERN, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction and sentence is affirmed where the trial court properly conducted a *Krankel* inquiry that did not deprive defendant of his right to counsel or due process.

¶ 2    Defendant Charles Southern appeals his conviction for first degree murder and criminal trespass. The issue is whether the trial court erred when, in making a *Krankel* inquiry, it agreed to appoint post-trial counsel but limited the issues and witnesses for the evidentiary hearing without new post-trial counsel present. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      In May 2013, Charles Southern attended a birthday party where he shot and killed another party attendee, Dionte Maxwell. Following a bench trial, the trial court found Southern guilty of four counts of first-degree murder and criminal trespass to a residence.

¶ 5      Before sentencing, Southern wrote a letter to the trial court alleging his trial counsel was ineffective because he supposedly misinformed Southern about his defense of self-defense, failed to file motions requested by Southern, did not call certain witnesses, and did not argue that Southern's Fourth Amendment rights were violated. This prompted the trial court to hold a *Krankel* inquiry. See *People v. Krankel*, 102 Ill. 2d 181 (1984). Under *Krankel*, when a defendant raises a post-trial claim of ineffective assistance of counsel, the court must first conduct an inquiry to determine if there is a basis for the claim and, if there is, appoint new counsel to address the claim at an evidentiary hearing. *Id.* at 185. Subsequently, the trial court found that Southern's allegations against his trial counsel showed possible neglect and appointed new counsel to represent Southern on these post-trial claims. Post-trial counsel investigated Southern's claims and ultimately filed a post-trial motion which did not raise any of Southern's ineffective assistance claims. The trial court denied Southern's amended motion for a new trial and reset the matter for sentencing.

¶ 6      At sentencing, post-trial counsel informed the trial court that Southern wanted to proceed *pro se* for the remainder of his case. The trial court admonished Southern of the implications of proceeding *pro se*, his charges, minimum and maximum sentences, and his right to counsel, and Southern confirmed that he wished to proceed without counsel. Southern then presented a motion to reconsider the denial of the post-trial motion, renewing his claims of ineffective assistance by trial counsel, newly alleging that trial counsel forced him to testify while Southern was

involuntarily intoxicated, and asserting that the trial court abused its discretion by forcing post-trial counsel to file a motion for a new trial before completing his investigation into the ineffective assistance claims. The trial court found that Southern's intoxicated testimony claim warranted further inquiry and continued the matter to make an inquiry of trial counsel.

¶ 7     At the next hearing, on April 9, 2021, the trial court inquired both of trial counsel and Southern about two incidents. First, Southern claimed that, on the day he was to testify during trial, he was given another prisoner's juice at lunch and that it contained psychotropic medication that made him high. He further claimed that he told his trial lawyer about this at the time but that his trial lawyer told him to testify anyway. Trial counsel denied that any such conversation took place during the trial. Second, Southern claimed that, a month after trial, while in the holding cell behind the courtroom, he and his trial counsel had an argument over raising the issue of Southern's intoxicated testimony, and this argument was witnessed by another prisoner, James Pope. Trial counsel confirmed that this argument did, in fact, happen. The trial court limited the issues and witnesses for the evidentiary hearing to the question of Southern's intoxicated testimony. The trial court then proceeded to appoint new counsel to represent Southern at that hearing.

¶ 8     At a subsequent status hearing, on April 13, 2021, newly appointed post-trial counsel appeared and the trial court informed him that on the last court date, the trial court had limited the issues and witnesses for the evidentiary hearing. Counsel raised no objection. After an evidentiary hearing, on June 28, 2021, in which Southern, his trial counsel, and another witness testified, the trial court denied Southern's ineffective assistance claim. The trial court sentenced Southern to a total of 43 years. Southern timely appealed. Ill. S. Ct. R. 606.

¶ 9                                    ANALYSIS

¶ 10    Southern argues that the trial court deprived him of his constitutional right to counsel and due process when the trial court granted Southern's request for appointment of counsel but nonetheless limited the issues and witnesses for his evidentiary hearing without new post-trial counsel present. Southern admits that he did not raise this issue below but argues that this court should consider the issue under the plain error rule. *People v. Jackson*, 2022 IL 127256, ¶ 18. The State argues that Southern has forfeited this argument because, among other reasons, his post-trial counsel appeared at a status hearing prior to the evidentiary hearing and raised no objection when the trial court informed him that on the last court date it had limited the issues and witnesses for the evidentiary hearing. Nor did new counsel raise any objection at the evidentiary hearing itself. Further, the State contends that the plain error rule does not apply because the trial court did not commit any error.

¶ 11    The second prong of the plain error rule allows the reviewing court to consider an unpreserved error when the error is so serious, regardless of the closeness of the evidence, that it "affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). Such a rule "guards against errors that erode the integrity of the judicial process and undermine the fairness of the defendant's trial." *Id.* at 186. Whether an error constitutes second-prong plain error is a question of law that we review *de novo*. *People v. Johnson*, 238 Ill. 2d 478, 485 (2010).

¶ 12    The common law procedure derived from *Krankel* "is triggered when a defendant raises a *pro se* post-trial claim of ineffective assistance of trial counsel." *People v. Jolly*, 2014 IL 117142, ¶ 29. A defendant need only bring his claim to the court's attention—it is not necessary to file a

written motion and may be accomplished orally or through a letter to the court. *People v. Ayres*, 2017 IL 120071, ¶ 11. This procedure "serves the narrow purpose of allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* post-trial ineffective assistance claims." *Id.* (quoting *People v. Patrick*, 2011 IL 111666, ¶ 39).

¶ 13    "[S]ome interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Id.*, ¶ 12 (quoting *Jolly*, 2014 IL 117142, ¶ 30). The trial court is permitted to discuss the allegations with trial counsel and the defendant, and make its determination based on its knowledge of trial counsel's performance at trial and the sufficiency of the defendant's allegations. *Id.*; *Jolly*, 2014 IL 117142, ¶ 30. The goal of a *Krankel* inquiry "is to facilitate the trial court's full consideration of defendant's *pro se* claim and thereby potentially limit issues on appeal." *Ayres*, 2017 IL 120071, ¶ 13.

¶ 14    Here, the trial court committed no error, constitutional or otherwise. In making a *Krankel* inquiry, the trial court must "ascertain the underlying factual basis for the ineffective assistance claim and to afford a defendant an opportunity to explain and support his claim." *Id.*, ¶ 24. After making inquiry of Southern and his trial counsel, the trial court determined that an evidentiary hearing was warranted on defendant's ineffective assistance claim pertaining to his supposed involuntary intoxication. As to the other claims Southern raised, the trial court found that it had already disposed of those issues in its prior rulings:

"THE COURT: Everything else, all the other issues that he raised in his pro se motion on the last court date were basically things that had already been raised. Some of

them were things that you had raised such as evidentiary rulings I made and things like that. That's all been done."

It is well established that in making a *Krankel* inquiry, the trial court is *not* always required to appoint new counsel. *People v. Banks*, 237 Ill. 2d 154, 214 (2010) ("The law is clear, however, that new counsel is not required in every case\*\*\*.") Rather, the trial court must conduct an adequate inquiry into the factual bases of the claim and must only appoint new counsel if the allegations show possible neglect on the part of trial counsel. *Ayres*, 2017 IL 120071, ¶ 11; *Jolly*, 2014 IL 117142, ¶ 29. That is precisely what the trial judge did here by limiting the subsequent evidentiary hearing to the only claim raised that met the basic *Krankel* threshold and had not already been addressed by the trial court. *People v. Nitz*, 143 Ill. 2d 82, 134 (1991) (if the trial court's inquiry reveals that defendant's claim lack merit, "no new counsel need be appointed").

¶ 15    Similarly, in limiting the witnesses for the subsequent evidentiary hearing, the trial court ruled that trial counsel's failure to call certain witnesses amounted to trial strategy:

"THE COURT: Based on what I heard and [trial counsel's] representation that his decisions not to call these witnesses were based on trial strategy, it does seem that these were reasonable, rational decisions."

As to Pope's testimony, it was plainly *unnecessary* because the argument that he witnessed between Southern and his trial counsel was not disputed:

"THE COURT: Mr. Pope, based on what I heard today, will not be required to testify at the hearing because from what I heard today from [trial counsel] and from Mr. Southern, Mr. Pope will not add anything additional to any discussion."

The trial court is not mandated to call every witness a defendant may wish to present at a

subsequent evidentiary hearing. It is within the discretion of the trial court to permit only those witnesses whose testimony is probative of defendant's claims of ineffective assistance. *Nitz*, 143 Ill. 2d at 133.

¶ 16    Finally, the trial judge here exhibited commendable patience. He entertained not one, but two *Krankel* inquiries, and as a result, he appointed not one, but two separate post-trial counsel. The record simply does not support the claim that the trial judge somehow unfairly limited the evidentiary inquiry into Southern's ineffective assistance claims. Indeed, this is confirmed by the fact that not one of Southern's counsel raised an objection to the scope of the evidentiary hearing or the exclusion of witnesses.

¶ 17    CONCLUSION

¶ 18    For all these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.